108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor NUNO-ROSALES, Defendant-Appellant.
 No. 96-10025.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Feb. 14, 1997.
 
 Before: FLETCHER, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A district court's interpretation and application of the sentencing guidelines are reviewed de novo, and its factual findings in the sentencing phase are reviewed for clear error. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996).
 
 
 3
 On remand for resentencing, the district court was directed to make specific findings regarding: (1) whether Victor Nuno-Rosales could have reasonably foreseen the distribution of methamphetamine, as opposed to marijuana, and (2) whether methamphetamine, as opposed to marijuana, was within the scope of his agreement as a co-conspirator. A defendant "may be sentenced only for the quantity of drugs that he reasonably foresaw would be distributed or that fell within the scope of his own agreement with his co-conspirators." United States v. Becerra, 992 F.2d 960, 966 (9th Cir.1993) (citing United States v. Petty, 982 F.2d 1374, 1376 (9th Cir.1993)).
 
 
 4
 Following a second sentencing hearing, the district court conclusively found that Nuno-Rosales "had foreknowledge" of at least four pounds of methamphetamine being distributed; and that when he assisted his co-conspirator, "Pancho," in collecting for the methamphetamine, Nuno-Rosales knew the same four pounds had, in fact, been distributed. We find no reason to disturb these findings.
 
 
 5
 Next, we reject Nuno-Rosales' contention that his sentence should have been reduced under the "safety valve" provision set forth at 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Given the district court's well supported findings on remand, the low end of the guideline range applicable to Nuno-Rosales is 121 months which exceeds the statutory mandatory minimum of 120 months set forth at 21 U.S.C. § 841(b)(1)(A)(viii). Therefore, the "safety valve" provision is simply of no use to Nuno-Rosales.
 
 
 6
 We also reject Nuno-Rosales' contention that the district court improperly denied his motion to have his co-conspirator "Pancho" testify at the resentencing hearing. In light of the extensive testimony already heard by the district judge during the course of trial, as well as the testimony Pancho gave at his own sentencing hearing, it was well within the court's discretion to limit the evidence to be heard at Nuno's second sentencing hearing. United States v. Ewain, 88 F.3d 689, 697 (9th Cir.), cert. denied, 117 S.Ct. 332 (1996). See also United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995) (whether a particular item of evidence is sufficiently reliable to be considered at sentencing is reviewed under an abuse of discretion standard).
 
 
 7
 Nuno-Rosales' sentence of 121 months' imprisonment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3