114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eliodoro CONTRERAS-CORONADO, aka Eliodoro Contreras
Defendant-Appellant.
 No. 96-50327.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1997.
Decided May 21, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant appeals from his sentence on his conviction of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a) (1994). Because the facts and prior proceedings are known to the parties, they need not be summarized here. We have jurisdiction pursuant to 18 U.S.C. § 3742 (1994) and 28 U.S.C. § 1291 (1994), and we affirm.
 
 I. Waiver of Right to Appeal
 
 4
 Before considering the merits of Appellant's appeal, we must address the Government's contention that Appellant waived the right to appeal his sentence in his plea agreement. Any such waiver, however, was negated at sentencing when the District Judge advised Appellant that he had a right to appeal his sentence, and the Government acknowledged that Appellant possessed such a right. United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995). Thus, to the extent that Appellant's plea agreement waived his right to appeal his sentence, that waiver does not bar this appeal.
 
 II. Breach of Plea
 
 5
 Appellant contends that the Government breached the provision of his plea agreement that precluded the Government from seeking an upward departure at sentencing. Specifically, Appellant contends that because his sentencing range under the U.S. Sentencing Guidelines Manual (Nov. 1995) ("the Guidelines") fell below the statutory minimum sentence of five years applicable to his offense under 21 U.S.C. § 841(b), the Government's opposition to his request that he be sentenced within his Guidelines range pursuant to the "safety valve" provision, 18 U.S.C. § 3553(f) (1994), constituted a "de facto" motion for an upward departure.
 
 
 6
 This contention, though creative, lacks merit. Appellant's argument implicitly recognizes that the plain language of the plea agreement did not directly preclude the Government from opposing Appellant's request for application of the safety valve. Moreover, the term "departure" is used in the sentencing context to refer to a sentencing court's discretionary authority to sentence a defendant outside of the applicable Guidelines range based on mitigating or aggravating factors peculiar to that case. See, 18 U.S.C. 3553(b) (1994); U.S.S.G. Ch. 1, Pt. A(4)(b) & Ch. 5, Pt. K. Where, as here, a defendant is subject to a statutory minimum that exceeds the otherwise applicable Guidelines range, the statutory minimum term of incarceration is the applicable Guidelines sentence, not a departure. U.S.S.G. § 5G1.1(b). What constitutes a departure in these circumstances is a decision to impose a sentence above the statutory minimum, id. comment., not the imposition of a statutory minimum sentence.
 
 
 7
 Accordingly, the District Court did not err in concluding that the Government did not breach its plea agreement with Appellant by opposing his request for sentencing under the safety valve.
 
 III. Safety Valve
 
 8
 Appellant also contends that the District Court erred in rejecting his request that he be sentenced within the applicable Guidelines range pursuant to the safety valve. Specifically, Appellant contends that the District Court erred by relying solely on his statement to his probation officer in determining that he lacked candor in describing to the Government his role in, and knowledge of, the marijuana smuggling scheme in which he was involved. While the Government's and the District Court's emphasis on Appellant's interview with his probation officer indicates they may have confused the "tell-all-you-know" requirement of § 3553(f)(5) with the acceptance of responsibility requirements of U.S.S.G. § 3E1.1, it is apparent from the record that Appellant failed to carry his burden of demonstrating that he qualified for sentencing under the safety valve, see United States v. Shrestha, 86 F.3d 935, 939-940 (9th Cir.), cert. denied, 117 S.Ct. 375 (1996) ( § 3553(f)(5) establishes a "tell-all-you-know" requirement, and defendants bear burden of demonstrating they have met requirements of safety valve).
 
 
 9
 Appellant's contention that his combined representations to the District Court and the Government completely disclosed all information he possessed regarding "offenses that were part of the same course of conduct or of a common scheme or plan" is not supported by the record. In their entirety, Appellant's post-arrest statements acknowledge only that he played a limited and largely unknowing role in the specific marijuana smuggling operation that occurred on the day of his arrest. His failure to acknowledge any involvement in the larger, continuing marijuana smuggling scheme was contradicted by information presented in the Presentence Report ("PSR") and the Government's factual proffer at sentencing. These sources indicate Appellant was substantially more involved in the larger marijuana smuggling scheme than he admitted, including participation in at least two prior marijuana transfer operations. Based on this record, the District Court rejected Appellant's safety valve request and expressly adopted the Government's proffer as the factual basis for its ruling. In light of this factual finding, which was not clearly erroneous, Appellant's limited acknowledgment of his role in the overall marijuana smuggling operation was insufficient to carry his burden of demonstrating that he had conveyed to the Government all that he knew about the overall marijuana smuggling scheme. Thus, the District Court did not err in denying Appellant's request for sentencing under 18 U.S.C. § 3553(f).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Whaley, United States District Judge, Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3