UNITED STATES of America, Plaintiff-Appellee, Cross–Appellant,

v.

Prakash Man SHRESTHA, Defendant–Appellant, Cross–Appellee.

Nos. 95–50040, 95–50108.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 1996.

Decided June 24, 1996.

---

2. Because we reverse on this ground, we need not—and indeed cannot—reach the merits of the parties' First Amendment claims.

936

Angel Navarro, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant, cross-appellee.

Becky S. Walker, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee, cross-appellant.

Before: WALLACE and NELSON, Circuit Judges, and BROWNING,* District Judge.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Prakash Man Shrestha, a native and citizen of Nepal, was convicted by a jury of possession and importation of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 952(a), and sentenced to a term of seventy-eight months in prison, reduced from the ten-year mandatory minimum sentence. The district court reduced Shrestha's sentence pursuant to the "safety valve" provision of the Mandatory

* Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation.

Minimum Sentencing Reform Act, 18 U.S.C. § 3553(f), and U.S.S.G. § 5C1.2. The Government disputes the reduction, arguing that Shrestha was not eligible for the safety valve reduction because he did not comply with the provision requiring him to tell all he knew about the crime. We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

## FACTS AND PROCEDURAL HISTORY

Prakash Man Shrestha ("Shrestha") was born in 1961 in the Nepalese village of Chitlang. Prior to his arrest, he was employed as a trekker for an American company in Nepal. A trekker or "sherpa" is hired to lead tourist expeditions through the mountains, carrying loads and clearing trails for climbers. Through his income as a trekker, Shrestha supported a wife, as well as his parents and siblings, all of whom reside together in Chitlang.

In June 1994, Shrestha was approached by a man named Keepa Gurung ("Keepa") at a tea shop in Nepal. Keepa was apparently looking for "sherpas" and mistook Shrestha for a member of that tribe.[1] Keepa offered Shrestha a job in the United States and suggested that they meet again. Keepa eventually furnished Shrestha with an airline ticket and $1,500 cash.

Following Keepa's instructions, Shrestha traveled to Thailand. Keepa met Shrestha in Bangkok as arranged and took him to a hotel, where he gave him an apparently empty suitcase to take to New York via Los Angeles. On July 16, 1994, Shrestha arrived at the Los Angeles International Airport. Shortly after he disembarked, he was stopped for questioning by a customs agent who thought he appeared nervous. A second customs inspector, Sylvia Alvarez, searched Shrestha's suitcase, the sides of which struck her as unusually thick. Finding no contraband inside the case, she x-rayed it and finally drilled a hole in its side. The case contained about two kilos of 85% pure heroin.

After the drugs were found, Shrestha was arrested and advised of his *Miranda* rights in English by Special Agent Douglas Panning. Shrestha indicated that he understood English and waived his *Miranda* rights both orally and in writing. He also expressed a desire to "talk to someone ... to tell someone everything." Special Agent Sandra Redfearn and another agent then interviewed Shrestha.[2] According to Agent Redfearn, Shrestha related his history with Keepa and admitted that he knew he was carrying drugs. Shrestha also stated he expected to be paid 200,000 rupees (approximately four thousand dollars) upon delivery of the drugs to a Nepalese man at John F. Kennedy Airport in New York. At trial, Shrestha, who pleaded not guilty, testified as to his meeting and arrangements with Keepa, but claimed to have had no knowledge of the drugs prior to their discovery by the customs agents.

Shrestha was tried by a jury on October 12–14 and October 17 and found guilty of possession with intent to distribute and importation of over two kilos of heroin. In an interview with a probation officer, Shrestha again stated that he did not know there was heroin in the suitcase, and he reiterated his trial testimony that he was merely returning the suitcase to a friend of Keepa's. The probation officer calculated Shrestha's guideline sentence range to be seventy-eight to ninety-seven months, based on a ten-year mandatory minimum with a four-level downward adjustment for minimal role in the offense. At the sentencing hearing, Shrestha did not recant his trial testimony that he had no knowledge of the drugs prior to their discovery by the customs agents. The district court sentenced Shrestha to seventy-eight months in prison based on the adjustment recommended by the probation officer and its further finding that Shrestha was eligible for relief under the "safety valve" provision of the Violent Crime Control and Law Enforcement Act of 1994, 18 U.S.C.

---

1. Four Nepalese, including Shrestha and Pemba Rita Sherpa, Nos. 95–50007 and 95–50054, have been arrested for bringing heroin into the United States. While there is no evidence of conspiracy among the couriers, the Government believes the drugs are from a single source.

2. The second agent was later dismissed, and her testimony disregarded.

§ 3553(f), and U.S.S.G. § 5C1.2. The Government timely appealed the reduction under § 3553(f).[3]

## ANALYSIS

The issue to be determined here is whether the district court correctly determined that Shrestha qualified for relief under the provisions of subsection (5) of the Mandatory Minimum Sentencing Reform Act ("MMSRA"), 18 U.S.C. § 3553(f), also known as the "safety valve" provision, which provides for relief from an otherwise applicable mandatory minimum sentence if:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.[4]

The parties agree that Shrestha qualifies under the first four requirements. Interpretation of § 3553(f)(5) is a matter of first impression in this circuit.

Until Congress passed MMSRA, defendants convicted of certain drug crimes could receive a sentence below the statutory minimum only on the Government's motion to depart downward based on a defendant's substantial assistance to the authorities. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. Congress enacted § 3553(f) to rectify an inequity in this system, whereby more culpable defendants who could provide the Government with new or useful information about drug sources fared better under § 3553(e) than lower-level offenders, such as drug couriers or "mules," who typically have less knowledge. *See United States v. Arrington*, 73 F.3d 144, 147 (7th Cir.1996); *United States v. Acosta–Olivas*, 71 F.3d 375, 378 (10th Cir. 1995).

As the legislative history to MMSRA states: "Ironically, [ ] for the very offenders who most warrant proportionally lower sentences-offenders that by guideline definitions are the least culpable-mandatory minimums generally operate to block the sentence from reflecting mitigating factors." H.R.Rep. No. 103–460, 103d Cong., 2d Sess., 1994 WL 107571 (1994). Section 3553(f) remedies this situation by allowing the sentencing court to disregard the statutory minimum in sentencing first-time nonviolent drug offenders who played a minor role in the offense and who "have made a good-faith effort to cooperate with the government." *Arrington*, 73 F.3d at 147.

We review *de novo* the district court's interpretation and application of the sentencing guidelines. *United States v. Blaize*, 959 F.2d 850, 851 (9th Cir.), *cert. denied*, 504 U.S. 978, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992). However, we review for clear error the district court's factual determination that a particular defendant is eligible for relief under section 3553(f). *Id.; see Acosta–Olivas*, 71 F.3d at 378 n. 3.

As noted above, Congress added the safety valve provision in part to grant relief to defendants whose knowledge may be of little or no use to the government, and who would thus be ineligible for reduction under

---

3. Shrestha appealed his conviction, and we affirmed in an unpublished memorandum.

4. Section 3553(f) appears verbatim in the sentencing guidelines at § 5C1.2.

the substantial assistance provision of the guidelines, U.S.S.G. § 5K1.1. Accordingly, section (5) of the safety valve provision has been termed a "tell all you can tell" requirement. *Acosta–Olivas,* 71 F.3d at 379 (quotations omitted). In other words, the defendant must provide, prior to sentencing, all information at his disposal which is relevant to the offense, whether or not it is relevant or useful to the government's investigation. *See id.* at 378–79; *United States v. Ivester,* 75 F.3d 182, 184 (4th Cir.1996), *cert. denied,* —— U.S. ——, 116 S.Ct. 2537, 135 L.Ed.2d 1060 (1996).

■ As several courts to consider the matter have determined, this information includes details concerning other parties to the crime, such as the source who provided defendant with the drugs and other persons in the chain of distribution, if known. *See Arrington,* 73 F.3d at 148; *Acosta–Olivas,* 71 F.3d at 378; *United States v. Rodriguez,* 69 F.3d 136, 143 (7th Cir.1995); *United States v. Wrenn,* 66 F.3d 1, 3 (1st Cir.1995). If the defendant does not possess such information, "he at least should [communicate] that fact to the government in order to qualify for the reduction." *Rodriguez,* 69 F.3d at 143.

The district court found that Shrestha had not "held up anything material that he knew." The court added that "[t]here is no indication that he was aware of" the name of the person who had provided him with the drugs. However, the record shows that Shrestha did know and provide the name of his source, Keepa Gurung, to the Government. He also provided details and dates of their meetings and a description of the man who was to meet him in New York. Shrestha thus appears to have timely provided the Government with all the information at his disposal concerning the offense for which he was convicted.

■ The Government does not argue that Shrestha gave untruthful or misleading information about his contacts, or even that he "necessarily withheld any additional information." Rather, it argues that Shrestha is ineligible for the safety valve provision because, while he confessed to knowledge of the contraband and provided names of his contacts to the customs agents, he insisted at trial and at sentencing that he did not know he was carrying drugs. The Government concedes that the safety valve provision does not require a defendant to testify at trial, truthfully or otherwise. It contends, however, that Shrestha's recantation of his guilty knowledge cast doubt on his original confession, and that perjury at trial should automatically defeat a claim for sentence reduction under section (5) of the safety valve provision.

The Government urges us to analogize to a case involving the acceptance of responsibility provision, U.S.S.G. § 3E1.1. *See United States v. Innie,* 7 F.3d 840, 847–48 (9th Cir. 1993) (affirming as not clearly erroneous a district court's ruling that defendant's pretrial confession did not render him eligible for a § 3E1.1 reduction where he pled not guilty, refused to discuss his case with a probation officer, and made no statement evidencing remorse at the sentencing hearing), *cert. denied,* —— U.S. ——, 114 S.Ct. 1567, 128 L.Ed.2d 212 (1994). The district court denied Shrestha a reduction for acceptance of responsibility, but held that Shrestha's denial of guilty knowledge at trial did not defeat his safety valve claim.

■ Several courts have characterized the safety valve provision as requiring "more" than the acceptance of responsibility provision, insofar as defendants must provide information concerning co-conspirators, *Ivester,* 75 F.3d at 184, and "'concerning … offenses that were part of the same course of conduct or of a common scheme or plan.'" *Arrington,* 73 F.3d at 149 (quoting § 3553(f)(5)). However, we see no reason to require a defendant to meet the requirements for acceptance of responsibility in order to qualify for relief under the safety valve provision.

Under § 3E1.1, a defendant must, in addition to accepting responsibility for his offense, "timely provid[e] complete information to the government concerning his own involvement in the offense" or "timely notify[ ] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for a trial…." As the commentary to the provision advises, "a de-

fendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." By contrast, § 3553(f) requires, in addition to minimal criminal history and minimal role in a nonviolent crime, that the defendant,

> not later than the time of the sentencing hearing ... truthfully provide[ ] to the Government all information and evidence [that he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan....

Section 3553(f)(5).

The safety valve statute is not concerned with sparing the government the trouble of preparing for and proceeding with trial, as is § 3E1.1, or, as explained *infra*, with providing the government a means to reward a defendant for supplying useful information, as is § 5K1.1. Rather, the safety valve was designed to allow the sentencing court to disregard the statutory minimum in sentencing first-time nonviolent drug offenders who played a minor role in the offense and who "have made a good-faith effort to cooperate with the government." *Arrington*, 73 F.3d at 147.

We hold that the district court did not clearly err in finding that Shrestha met the safety valve requirements. The fact that Shrestha denied his guilty knowledge at trial and at sentencing after his confession to the customs agents does not render him ineligible for the safety valve reduction as a matter of law. The safety valve provision authorizes district courts to grant relief to defendants who provide the Government with complete information by the time of the sentencing hearing. Shrestha's recantation does not diminish the information he earlier provided.[5]

---

**5.** We observe that the Fourth Circuit in *United States v. Fletcher*, 74 F.3d 49, 56 (4th Cir.1996), recently affirmed a district court's denial of safety valve reduction where a defendant perjured himself at trial but "came clean" at sentencing. The Eighth Circuit reached a similar conclusion in *United States v. Long*, 77 F.3d 1060, 1062 (8th Cir.1996), (noting that defendant "overlooks the government's interest in full truthful disclosure when it interviews defendants.") We need not decide here whether to follow the reasoning in

 Finally, we address the Government's argument that the district court misapplied the burden of proof in stating that the Government would have to show Shrestha was withholding information. The initial burden is incontestably on the defendant to demonstrate by a preponderance of the evidence that he is eligible for the reduction. *United States v. Howard*, 894 F.2d 1085, 1089–90 (9th Cir.1990). Once he has made this showing, however, it falls to the Government to show that the information he has supplied is untrue or incomplete.

Apart from contending that Shrestha's denial of guilty knowledge at trial rendered him untruthful, which we have deemed irrelevant, the Government did not do so. We therefore affirm the district court's decision to apply the safety valve reduction.

AFFIRMED.

these cases, as the case before us presents a significantly different issue. Shrestha did not provide information for the first time at sentencing merely in order to take advantage of the safety valve provision. Rather, he provided the Government with full truthful information when first interviewed. His decision to withhold his admission of guilty knowledge at trial and at sentencing did not deprive the Government of information already in its possession.