113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Teodoro SIERRA-SOLIZ, Defendant-Appellant.
 No. 94-50599.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 8, 1997.
 
 Before: MAGILL,** RYMER, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Teodoro Sierra-Soliz appeals his conviction for possession of cocaine with intent to distribute and unlawful importation of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 952(a), and his mandatory minimum sentence. We affirm.
 
 
 3
 * Sierra-Soliz concedes that the questioning and searches at both the primary and secondary inspection points, as well as the warrantless x-ray of his suitcase, were part of a routine border search and therefore did not require reasonable suspicion, United States v. Gonzalez-Rincon, 36 F.3d 859, 864 (9th Cir.1994), cert. denied, 115 S.Ct. 1323 (1995), but argues that reasonable suspicion was required (and was lacking) for drilling his suitcase since that is not part of a routine border search, and the x-ray and other searches had proved inconclusive. Even if ripping the lining and drilling the suitcase exceeded the scope of a routine border search, however, reasonable suspicion existed in light of the fact that Sierra-Soliz was traveling from a known "source" country through a known "transit country" into a "use" country; he traveled on a one-way ticket, which he paid for in cash; he claimed to have purchased the ticket himself, but could not give an accurate cost estimate; he showed signs of nervousness; he gave an illogical explanation for his travel; the frame of his suitcase crackled when compressed; and there was fresh glue on the lining of the suitcase. Cf. id. (holding that, based on comparable facts surrounding the defendant's behavior and travel itinerary, reasonable suspicion existed to support the physically intrusive, non-routine procedure of bowel monitoring).
 
 II
 
 4
 Sierra-Soliz argues that his Rule 29 motion for acquittal should have been granted because there was insufficient evidence that he knew there was cocaine in the suitcase. We disagree. Viewed in the light most favorable to the government, the evidence shows that Sierra-Soliz admitted to customs officials that he knew that cocaine was in the suitcase, and that the cocaine had a wholesale value of $30,000-40,000 which would not likely be entrusted to an unknowing participant. Even though Sierra-Soliz testified that he did not know about the cocaine, a rational juror could have believed the customs agent instead of Sierra-Soliz. See United States v. Bancalari, --- F.3d ----, No. 95-50369, slip op. 3877, 3883 (9th Cir. April 8, 1997) ("In viewing the evidence in the light most favorable to the prosecution, we presume that all issues of witness credibility were resolved below in favor of the Government, and as such, are generally immune from appellate review.").
 
 III
 
 5
 Sierra-Soliz contends that he met the fifth requirement for relief under the "safety valve," 18 U.S.C. 3553(f), U.S.S.G. § 5C1.2, because he confessed when arrested and told the government what he knew. He submits that the district court abused its discretion since the Probation Office refused to make a § 5C1.2 recommendation, and the government did not rebut his showing of limited knowledge as a mule. The government counters that Sierra-Soliz changed his story three times and never "told all," and that despite advice in the Addendum to the PSR that he had until the time of sentencing to "tell all," he failed to contact an Assistant United States Attorney or otherwise come forward with any credible information. See United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996).
 
 
 6
 While a recantation of information previously given to the government will not necessarily deprive a defendant of safety valve relief if the court finds that the prior information was complete and truthful, id. at 939, the defendant must establish by a preponderance of the evidence that the prior information was, in fact, truthful and complete. See id.; United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996), cert. denied, 117 S.Ct. 742 (1997). We cannot say that the district court clearly erred in finding that Sierra-Soliz did not carry his burden of proof that he had been truthful.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Frank J. Magill, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3