113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Antonio CHAVEZ, aka Bones, Defendant-Appellant.
 No. 96-50455.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Antonio Chavez appeals his sentence imposed following entry of a guilty plea to conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. Chavez contends the district court erred by: (1) increasing his offense level two levels based on his role in the conspiracy under U.S.S.G. § 3B1.1(c), and (2) denying his request for relief under 18 U.S.C. § 3553(f). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's finding of fact for clear error. See United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991). The Sentencing Guidelines provide for a two-level upward adjustment "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" involving less than five participants. U.S.S.G. § 3B1.1(c) (1994). The adjustment requires a finding that the defendant supervised or otherwise exercised control over other participants. See United States v. Ponce, 51 F.3d 820, 827 (9th Cir.1995) (per curiam).
 
 
 4
 The district court found that Chavez directed and exercised control over Victor Molina and Richard Enciso. This finding is supported by the facts which Chavez stipulated to under oath: Molina asked the confidential informant ("CI") if Chavez had given the CI a price; when asked by the CI for a lower price, Molina had to first check with Chavez; Molina then told the CI that Chavez could not give the CI a lower price; Chavez then gave the crack cocaine to Enciso for delivery to the CI; and Chavez told the CI that he could be contacted through his "homeboy" Molina. Given these facts, the district court's finding was not clearly erroneous. See id.
 
 
 5
 Furthermore, to be eligible for the safety valve provision under 18 U.S.C. § 3553(f), the defendant must meet the statute's five criteria. See United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996). Because we affirm the district court's finding that Chavez was a manager or supervisor under U.S.S.G. § 3B1.1(c), Chavez is not eligible for the safety valve reduction. See id. (noting that to be eligible for the safety valve provision defendant cannot have been a leader, organizer, manager or supervisor). Accordingly, Chavez's sentence is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3