122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jesus Maria FERNANDEZ, Defendant-Appellant.
 No. 96-50607.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Aug. 27, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CR-95-02057-1-MLH; Marilyn L. Huff, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Maria Fernandez appeals his sentence of 120 months imposed following his guilty plea to one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 1. Safety Valve
 
 3
 Fernandez contends that the district court erred by refusing to apply the safety valve reduction provided in 18 U.S.C. § 3553(f). Specifically, Fernandez contends that, aside from the self-serving post-arrest statements of a codefendant, there was no evidence to support the government's contention that Fernandez was a "methamphetamine cook." We disagree.
 
 
 4
 Section 3553(f) requires a departure from the mandatory minimum sentence if the defendant meets the statute's five criteria. See U.S.S.G. § 5C1.2; United States v. Sherpa, 110 F.3d 656, 660 (9th Cir.1997). The defendant bears burden of demonstrating he has met the safety valve requirements. See United States v. Shrestha, 86 F.3d 935, 939 (9th Cir.), cert. denied, 117 S.Ct. 375 (1996).
 
 
 5
 The Presentence Report and the government's factual proffer at sentencing support the district court's conclusion that Fernandez failed to carry his burden of demonstrating that he was truthful with the government. See 18 U.S.C. § 3553(f)(5). While Fernandez represented to the government that he was only a chemical broker, the evidence indicates that he was a methamphetamine cook. The record supports the district court's finding that Fernandez told the informant he would be manufacturing methamphetamine, and that he negotiated to obtain 200 pounds of freon for that purpose. See United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996) (permitting district court to consider information learned from other sources which indicated that defendant had been less than forthcoming), cert. denied, 117 S.Ct. 742 (1997). Therefore, the district court did not clearly err in finding that Fernandez was not truthful with the government and, thus, did not meet the safety valve requirements. See United States v. Wills, 88 F.3d 704, 721 (9th Cir.), cert. denied, 117 S.Ct. 499 (1996).[1]
 
 2. Other Contentions
 
 6
 Fernandez contends that the district court should have granted his request for an evidentiary hearing to determine his truthfulness for purposes of applying the safety valve. However, there is no general right to an evidentiary hearing at sentencing, and a district court has discretion to determine whether to hold such a hearing. See United States v. Real-Hernandez, 90 F.3d 356, 362 (9th Cir.1996) (citations omitted); see also United States v. Sarno, 73 F.3d 1470, 1502 (9th Cir.1995) (stating that there is no right to evidentiary hearing so long as facts that prove dispositive at sentencing find support in record), cert. denied, 116 S.Ct. 2555 (1996). The district court provided a reasonable opportunity to present information to the court, as required by Federal Rule of Criminal Procedure 32(c)(3)(A), and the record supports the district court's findings regarding Fernandez' truthfulness. Accordingly, we conclude that the court did not abuse its discretion in refusing to hold an evidentiary hearing. See Real-Hernandez, 90 F.3d at 362.
 
 
 7
 Fernandez also contends that the district court erred by adjusting his offense level upward pursuant to U.S.S.G. § 3B1.2. The parties' plea agreement explicitly provided, however, that application of the safety valve was the only issue preserved for appeal. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). Thus, we will not address the merits of this contention.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The parties also dispute the satisfaction of 18 U.S.C. § 3553(f)(4) (requiring a finding that defendant was not an organizer, leader, manager, or supervisor of others in the offense). Because the record supports the finding that Fernandez was not truthful with the government, we need not address § 3553(f)(4). See United States v. Shrestha, 86 F.3d 935, 939 (9th Cir.), cert. denied, 117 S.Ct. 375 (1996). Consequently, we need not address Fernandez' contention that the district court abused its discretion in refusing to continue the sentencing hearing to provide his counsel opportunity to offer evidence regarding Fernandez' role in the offense