129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernardo TREJO-HERNANDEZ, Defendant-Appellant.
 Nos. 96-50647, 96-50661.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1997.**
Decided Oct. 23, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, George H. King, District Judge, Presiding
 
 
 2
 Before PREGERSON and HAWKINS, Circuit Judges, and WEINER, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Defendant Bernardo Trejo-Hernandez ("Defendant") contends that the district court erred in applying a three-level increase to his offense level under U.S.S G. § 3B1.1(b). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). We affirm.
 
 
 5
 The facts are well known to the parties, and we will not repeat them here.
 
 STANDARD OF REVIEW
 
 6
 The district court's factual determination that a defendant was a supervisor of criminal activity under U.S.S.G. § 3B1.1(b) is reviewed for clear error. United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir.1991). The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996).
 
 DISCUSSION
 
 7
 Section 3B1.1(b) provides for the following aggravating role adjustment to a defendant's offense level: "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels."
 
 1. Defendant's Role as Supervisor
 
 8
 There is significant evidence in the record to support the districts court's conclusion that Defendant acted as a supervisor in the scheme. For example, codefendant Pineda told the first informant that Defendant was running a counterfeit document mill. Codefendant Islas told the same informant that all the document vendors who worked the parking lot worked for Defendant. Moreover, these statements were made during the course of the criminal. activity, not in post-arrest. attempts to shift blame onto Defendant. These statements alone strongly support the conclusion that Defendant acted as a supervisor in the scheme. Accordingly, the district court did not clearly err when it determined that Defendant had supervised at least one other person in the counterfeiting scheme.
 
 
 9
 2. District Court's Interpretation of § 3B1.1(b)
 
 
 10
 Defendant contends that, to qualify for a three-level increase under § 3B1.1(b), he had to have supervised five or more participants in the counterfeiting scheme. Defendant asserts that § 3B1.1(b) does not apply to him because he could not have supervised more than four participants.
 
 
 11
 Defendant, however, misreads § 3B1.1(b) and the caselaw. Section 3B1.1(b) states that a defendant qualifies for a threelevel increase if he was a supervisor "and the criminal activity involved five or more participants." Moreover, the Commentary to § 3B1.1 states that: "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1 comment. (n.2). Furthermore, this court has held that "[t]he fact that [the defendant] did not supervise more than one participant does not preclude the enhancement as a matter of law." United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993). There is no supporting authority for Defendant's contention that he had to have supervised five or more participants in the counterfeiting scheme to qualify for an increase under § 3B1.1(b). Accordingly, the district court did not misinterpret § 3B1.1(b) when it required Defendant to have supervised only one other participant in the counterfeiting scheme.[1]
 
 
 12
 Defendant further contends that the district court erred when it counted him as one of the five participants in the counterfeiting scheme for sentencing purposes. It is clear, however, that a defendant counts as one of the necessary five participants under § 3B1.1(b). See, e.g., United States v. Dota, 33 F.3d 1179, 1188-89 (9th Cir.1994) (counting defendant as one of the five participants for § 3B1.1 purposes). Accordingly, Defendant's contention that he cannot be counted as one of the five participants in the counterfeiting scheme has no merit.
 
 CONCLUSION
 
 13
 The district court's conclusion that Defendant acted as a supervisor in the counterfeiting scheme was not clearly erroneous, and the court did not misinterpret § 3B1.1(b) in applying the three-level increase to Defendant's offense level. Accordingly, we affirm the district court's sentence granting the three-level increase under § 3B1.1(b).
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 344
 
 
 **
 * The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Defendant also contends that the district court erred by failing to determine whether the other four participants in the scheme were "criminally responsible." Defendant is referring to the Commentary to § 3B1.1 which states that "a 'participant' is a person who is criminally responsible for the commission of the offense." U.S.S.G. § 3B1.1 comment. (n.1). This argument has no merit, however, because "[t]he district court need not make specific findings of fact in support of an upward role adjustment." United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995). In any event, five men, including Defendant, pleaded guilty to charges resulting from the counterfeiting scheme. Thus, five defendants were found criminally responsible