129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee, Cross Appellant,
v.
Inna SPIVAK, Defendant-Appellant, Cross-Appellee.
 Nos. 96-50273, 96-50289.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1997.
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-95-01143-DT; Dickran M. Tevrizian, District Judge, Presiding.
 PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 ORDER*
 The judgment of conviction and the sentence are affirmed.
 United States v. Spivak, Nos. 96-50273, 96-50289 D.W. NELSON, Circuit Judge:
 
 
 1
 I respectfully dissent from the majority's decision to affirm Spivak's sentence. It does not appear from the record that Spivak was entitled to a safety valve reduction pursuant to U.S.S.G. § 5C1.2. In order to qualify for a safety valve reduction, the defendant must have "truthfully provided to the Government all information and evidence [she] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan...." U.S.S.G. § 5C1.2. In applying section 5C1.2, this court has held that a defendant is only eligible for the safety valve reduction if, prior to sentencing, she has offered all information at her disposal that is relevant to the offense charged. See, e.g., United States v. Sherpa, 97 F.3d 1239, 1243 (9th Cir.1996) (explaining that the safety valve reduction is conditioned by a "tell all you can tell" requirement); United States v. Shrestha, 86 F.3d 935, 939 (9th Cir.1996) (same).
 
 
 2
 Here, Spivak clearly failed to provide the government and the court with truthful information about her involvement in the charged drug offenses. In fact, at each stage of the prosecution, she repeatedly denied having any knowledge that there was cocaine or narcotics of any kind hidden in her luggage. At sentencing, the district judge stated for the record that he "disagreed with" Spivak's "contention that she was totally ignorant of everything that took place." In view of this explicit finding by the district court, I cannot affirm its subsequent allowance of the safety valve reduction, which is only available to defendants who "tell all they can tell."
 
 
 3
 For the foregoing reasons, I would vacate Spivak's sentence and remand for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3