132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose VELASQUEZ-GARCIA, Defendant-Appellant.
 No. 97-50082.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California Gordon Thompson, Jr., Senior District Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Velasquez-Garcia appeals his 120 month sentence following his guilty plea to conspiracy to import cocaine with intent to distribute, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Velasquez-Garcia contends that the district court erred by failing to state its reasons for not applying the safety valve provision pursuant to 18 U.S.C. § 3553(f). This contention lacks merit.
 
 
 4
 We review the district court's interpretation and application of the sentencing guidelines de novo. See United States v. Shrestha, 86 F.3d 935,-938 (9th Cir.1996). Section 3553(f) provides that the district court must depart from the mandatory minimum sentence if the defendant meets the statute's five criteria. See 18 U.S.C. § 3553(f) (1997); United States v. Sherpa, 110 F.3d 656, 660 (9th Cir.1997). Furthermore, the district court must state its reasons for applying or refusing to apply the safety valve provision at the time of sentencing. See United States v. Real-Hernandez, 90 F.3d 356, 360 (9th Cir.1996).
 
 
 5
 The parties agree that Velasquez-Garcia met all of the requirements of the safety valve provision except for subsection (5). Subsection (5) requires that the defendant provide all relevant information concerning his offense whether or not the information is useful to the Government. See Sherpa, 110 F.3d at 660. At the sentencing hearing, the district court heard the testimony of a United States Customs Service Agent and the testimony of Velasquez-Garcia. The district court expressly found that Velasquez-Garcia was not credible and that he did not provide the government with all of the information he had concerning his offense. Because the district court did state its reasons for refusing to apply the safety valve provision, this claim fails. See Real-Hernandez, 90 F.3d at 360.
 
 
 6
 Velasquez-Garcia also contends that he received ineffective assistance of counsel because his attorney: 1) failed to file a discovery motion or conduct any investigation prior to advising Velasquez-Garcia to plead guilty; (2) failed to prepare Velasquez-Garcia for the September 24, 1996, debriefing by government agents; (3) failed to conduct the sentencing hearing properly; and (4) failed to seek a second debriefing with government agents. We do not reach the merits of Velasquez-Garcia's ineffective assistance of counsel claims because the record on appeal is not sufficiently developed to permit review. See United States v. Quintero Barraza, 78 F.3d 1344, 1347 (9th Cir.1995), cert. denied, 117 S.Ct. 135 (1996) (stating that "a plea of ineffective assistance of counsel should be brought in a collateral proceeding under 28 U.S.C. § 2255 because the appellate record often lacks a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted").
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3