**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus Pena CARDENAS, Defendant–Appellant.**

No. 99–10140.
D.C. No. CR–98–05249–REC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 21, 2001.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM [2]

Jesus Pena Cardenas appeals the 120–month sentence imposed following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we vacate and remand for resentencing.

Cardenas contends that the district court erred by finding that he was ineligible for the safety valve under 18 U.S.C. § 3553(f) without first affording him an evidentiary hearing on disputed facts. We review the district court's findings of fact for clear error, *United States v. Real–Hernandez*, 90 F.3d 356, 360 (9th Cir.1996), and the denial of an evidentiary hearing for abuse of discretion. *United States v. Houston*, 217 F.3d 1204, 1206–07 (9th Cir.2000).

The relevant dispute is whether Cardenas was honest in his debriefing with government agents. The pre-sentence report stated that the agents told the probation officer that Cardenas had not been forthcoming. Defense counsel, who had been present at the debriefing, argued that that characterization was inaccurate. Faced with this dispute of fact, the district court should have allowed Cardenas to offer evidence to meet his burden of proof for the safety valve. *See* Fed.R.Crim.P. 32(c)(1) (requiring such an opportunity, whether by evidentiary hearing or otherwise).[3]

We express no opinion on whether Cardenas will be able to produce evidence adequate to prove his eligibility for the safety valve. *Cf. United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir.1996) (describing burden of proof).

**VACATED and REMANDED** for resentencing.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** Allocution is not a substitute for declarations or direct and cross examination. *Compare* Fed.R.Crim.P. 32(c)(1) *with* Rule 32(c)(3)(C); *cf. United States v. Daas*, 198 F.3d 1167, 1181–82 (9th Cir.1999) (explaining role of allocution), *cert. denied*, 531 U.S. 999, 121 S.Ct. 498, 148 L.Ed.2d 468 (2000).