UNITED STATES of America,
Plaintiff–Appellee,

v.

Farjar Suryo PRIYONO, Defendant–Appellant.

No. 02–10357.

D.C. No. CR–01–00240–WHA.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David M. Shapiro, Esq., Christina Hua, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Claire M. Leary, Esq., San Francisco, CA, for Defendant–Appellant.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

### MEMORANDUM **

Farjar Suryo Priyono appeals the 74–month sentence imposed following his guilty plea conviction to importing a controlled substance, in violation of 21 U.S.C. §§ 952 and 960, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Priyono contends that the district court impermissibly shifted the burden of proof when it denied his request for a two-level safety valve reduction pursuant to United States Sentencing Guidelines § 2D1.1(b)(6) on the grounds that he had failed to prove the truthfulness of the information he provided to the government. We review de novo the district court's interpretation and application of the sentencing guidelines, but review for clear error the court's factual determination that a defendant qualifies for a safety valve reduction. *United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir.1996). We are unpersuaded.

Priyono failed to meet his initial burden of proving he truthfully provided information to the government when he claimed the purpose of his previous trips to the United States was solely to attend cooking school. Moreover, the government produced evidence disproving Priyono's story.

See *id.* at 940 (holding that "[t]he initial burden is incontestably on the defendant to demonstrate by a preponderance of the evidence that he is eligible for the reduction. Once he has made this showing, however, it falls to the Government to show that the information he has supplied is untrue or incomplete.") (citation omitted). Accordingly, the district court properly found that Priyono did not qualify for a two-level safety valve reduction.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

