**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Israel Alberto MEZA–GARCIA,
Defendant—Appellant.**

No. 04–50413.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 2, 2005.

US Attorneys Office, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Philip A. Demassa, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, CLIFTON, and BYBEE, Circuit Judges.

MEMORANDUM *

Israel Alberto Meza–Garcia appeals his 120 month mandatory minimum sentence for importing cocaine under 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We believe the district court did not clearly err when it denied Meza–Garcia a safety valve reduction. Because Meza–Garcia refused to be candid about where he lived and his relationship to those who had supplied him with the drugs, the court correctly found that Meza–Garcia had not told "all [he] can tell." *United States v. Shrestha*, 86 F.3d 935, 939 (9th Cir.1996). Moreover, the court did not abuse its discretion when it denied Meza–Garcia an additional opportunity to testify. The sentencing court need only give the defendant a "'reasonable opportunity' to present information to the court," *United States v. Real–Hernandez*, 90 F.3d 356, 362 (9th Cir.1996) (citations omitted). Two safety valve debriefings and three thorough evidentiary hearings is more than enough to meet that standard.

Meza–Garcia also argued that he should have been sentenced under the Sentencing Guidelines rather than under the mandatory minimum. We reject Meza–Garcia's arguments, following the general rule that where criminal liability is greater under the statutory minimum than under the Sentencing Guidelines, the statutory minimum sentence controls. *United States v. Van Doren*, 182 F.3d 1077, 1083 (9th Cir.1999). Because Meza–Garcia's statutory minimum sentence was higher than the Guidelines sentence, the district court had no authority to go below the mandatory minimum.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.