UNITED STATES of America,
Plaintiff—Appellee,

v.

Ching Tse YU, aka Jean Yu
Defendant—Appellant.

No. 03–50592.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Dec. 20, 2005.

Becky S. Walker, Esq., Lizabeth A. Rhodes, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael J. Brennan, Esq., Manhattan Beach, CA, for Defendant–Appellant.

Ching Tse Yu, Adelanto, CA, pro se.

Before: BRIGHT,* B. FLETCHER, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Defendant Ching Tse Yu was convicted of: Count 1 conspiracy to aid and abet the manufacture of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2; Count 2 aiding and abetting the manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Counts 3 through 6 possessing laboratory equipment knowing it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6); Counts 7 through 11 distribution of lab equipment knowing it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(7); Counts 12 through 22 money laundering in violation of 18 U.S.C. § 1956; and Counts 23 and 24 criminal forfeiture in violation of 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1). She raises several arguments on appeal challenging her sentence following a guilty plea conviction. We reject all of Yu's arguments with the exception of a remand for resentencing under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

Because the parties are familiar with the facts, we do not recite them in detail. Yu pleaded guilty and was sentenced to 188 months each on Counts 1 and 2, 120 months each on Counts 3 through 11, and 188 months on Counts 12 through 22, said sentences to run concurrently with a five-year period of supervised release and a special assessment of $2,200. Yu filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

■ Yu first attacks her sentence by arguing that the district court erred by finding Yu responsible for all methamphetamine attributed to clandestine labs where lab equipment sold by her company, Micro Lab, was found. There was no reversible error, however, because Yu pleaded guilty to a crime in which the indictment specifically alleged involvement with 20.2 kilograms of methamphetamine, an amount sufficient to trigger the guideline level the district court used.

■ Second, Yu argues that the district court abused its discretion in calculating her base offense level when it imposed a sentence that failed to afford her the benefit of safety valve relief pursuant to the

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Mandatory Minimum Sentencing Reform Act, 18 U.S.C. § 3553(f). We review for clear error the district court's factual determination as to whether a particular defendant is eligible for safety valve relief. *United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir.1996). The district court did not clearly err when it found that Yu did not qualify for safety valve relief because she was not completely forthcoming or truthful about all information she had concerning the offenses. The district court enumerated several specific reasons it found Yu's proffers untruthful and not completely forthcoming, and we find no clear error in its conclusion.

 Third, Yu argues that the district court erred in denying her a two-level adjustment for her minor role in the offense. We review the application of the guidelines for an abuse of discretion and the determination of facts relating to the minor role guideline for clear error. *United States v. Rojas–Millan*, 234 F.3d 464, 472 (9th Cir.2000). The district court found defendant responsible for the sale of enormous quantities of equipment used in the manufacture of methamphetamine, knew the equipment was used for illegal purposes, and depended on those sales for her livelihood. It did not clearly err by finding this precluded Yu from qualifying for a minor role adjustment.

Fourth, Yu argues we should vacate her sentence and remand for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Under *Booker* the Sentencing Guidelines are now advisory, and not mandatory, as they were thought to be when the trial court sentenced Yu. We therefore remand to the district court to consider whether "the sentence imposed would have differed materially if the district court judge were applying the Guidelines as ad-

visory rather than mandatory." *Ameline*, 409 F.3d at 1085.

AFFIRMED in part and REMANDED to consider whether the defendant should be resentenced.