**UNITED STATES of America Plaintiff–Appellee,**

v.

**Miguel Govea MANZO, Defendant– Appellant.**

No. 05–30082.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 24, 2006.*

Decided Jan. 27, 2006.

Vincent T. Lombardi, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Walter G. Palmer, Esq., Seattle, WA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: RAWLINSON, and CLIFTON, Circuit Judges, and MARSHALL,** District Judge.

MEMORANDUM ***

Appellant Miguel Govea Manzo appeals his sentence imposed subsequent to his conviction, by jury trial, for conspiracy and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Manzo contends that the district court erred in failing to consider his eligibility for a safety valve reduction pursuant to 18 U.S.C. § 3553(f).

The district court's imposition of the mandatory minimum sentence of 120 months was not erroneous because Manzo did not establish, by a preponderance of the evidence, that he met the criteria for application of the safety valve.[1] *See United States v. Ajugwo*, 82 F.3d 925, 926 (9th Cir.1996).

The Government concedes that Manzo "likely met the first three criteria [under 18 U.S.C. § 3553(f) ]." However, because the jury found, beyond a reasonable doubt, that Manzo played a leadership role in the offense, the Government argues that he clearly did not meet the fourth criterion. We agree.

In addition, Manzo concedes that he did not satisfy the fifth criterion under 18 U.S.C. § 3553(f)—provision of truthful information to the government about the offense. Manzo suggests that he should not be faulted for failing to meet this requirement because the Government, operating on the assumption that he was not safety valve eligible due to his taking of a leadership role in the underlying crime, ostensibly failed to provide him with the opportunity to provide any information. However, were the Court to absolve Manzo of the requirement of providing truthful information to the Government due to the Government's purported failure to offer him an explicit opportunity to do so, it would entirely eviscerate the statute and/or improperly transfer the burden of proof on the issue of safety valve eligibility to the Government by requiring the Government to prove "opportunity." At the very least, this Court's precedent requires that the defendant demonstrate, by a preponderance of the evidence, that he or she has made a "good faith" effort to cooperate with the Government. *See Ajugwo*, 82 F.3d at 929; *see also United States v. Garcia–Sanchez*, 189 F.3d 1143, 1150 (9th Cir.1999). As the record in this case is devoid of any evidence that Manzo made such an effort, the district court could not have found that he was eligible for a safety valve reduction.

AFFIRMED.

---

** The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review for clear error the district court's factual determination that a particular defendant is eligible for relief under 18 U.S.C. § 3553(f). *United States v. Shrestha*, 86 F.3d 935, 938 (9th Cir.1996).

   Because the district court's determination in this case was not clearly erroneous, we need not entertain the Government's additional arguments that, because Manzo did not object to the district court's imposition of the 120–month sentence at his sentencing hearing, he waived the issue on appeal.