MEMORANDUM **
Peter Joseph Ballinger appeals from the 60-month sentence imposed following his guilty-plea conviction for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
Ballinger contends that the district court erred in determining that he was ineligible *879 for the safety valve under U.S.S.G. § 5C1.2, because it misapplied the burden of proof and because no evidence supported its factual findings. We agree. See United States v. Shrestha, 86 F.3d 935, 940 (9th Cir.1996). Ballinger’s testimony was corroborated by the witnesses, including the investigating agent, who testified that there was no evidence that anyone else was involved in the offense.
The district court disbelieved Ballinger because the amount of money he testified that he spent on supplies was understated and because it did not believe that Balling-er would do all the work without firm plans. This determination was based on the agents’ testimony regarding Balling-er’s apparent lack of funds due to his limited income, vis-a-vis the cost of the marijuana manufacture, and their resulting suspicions that others were involved. The agents did not take into account additional funds, however. Moreover, the record supports Ballinger’s assertion that he did not have specific arrangements with potential buyers, in light of the fact that he left the marijuana grow site unattended for three weeks due to his mother’s death at the time when he would have been seeking buyers.
Ballinger’s testimony, which was consistent with the investigating agent’s actual observations, was sufficient to satisfy his initial burden, and the government failed to show that his story was untruthful or incomplete. See Shrestha, 86 F.3d at 940. We decline to reach Ballinger’s remaining contentions.
VACATED AND REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.