THOMPSON, Senior Circuit Judge,
dissenting in part:
I respectfully dissent from the majority’s conclusion that the district court did not err in denying Mendez safety valve relief.
This case is governed by our decision in United States v. Mejia-Pimental, 477 F.3d 1100, 1105-08 (9th Cir.2007), where we made clear that a defendant’s initial lies and delays cannot by themselves make him ineligible for relief under 18 U.S.C. § 3553(f), provided that by the time of sentencing, the information he provides to the government is “truthful and complete.” Mejia-Pimental, 477 F.3d at 1106; see also United States v. Shrestha, 86 F.3d 935, 940 (9th Cir.1996) (concluding that the defendant was not disqualified from obtaining safety valve relief where he initially confessed all his knowledge and involvement, but then recanted that confession at trial).
The district court should have determined whether Mendez provided the gov *122 ernment with information that was truthful and complete “not later than the time of the sentencing hearing.” 18 U.S.C. § 3553(f)(5). It appears Mendez may have done just that. Putting aside his initial evasive answers and delays, the record demonstrates — and the district court appears to have acknowledged — that by the time of the sentencing hearing, Mendez had disclosed to the government the true facts about the instant offense and any related offenses perpetrated by his cousins. As long as that information was “complete,” he met his burden under 18 U.S.C. § 3553(f)(5).
I would vacate the sentence and remand for the district court to make factual findings as to the truthfulness and completeness of the information provided by Mendez to the government by the time of his sentencing.