**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50257 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-04458-JLS |
| v. | |
| JUAN OSCAR RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Juan Oscar Rodriguez appeals from the district court's judgment and

challenges the 120-month sentence imposed following his guilty-plea conviction

for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government contends that this appeal should be dismissed in light of the appeal waiver set forth in Rodriguez's plea agreement. Because the appeal waiver is ambiguous, we reach the merits of Rodriguez's claim.

Rodriguez contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve whether he was truthful in providing all of the information he had concerning his offense. The parties dispute the standard of review that applies to this claim. We need not resolve this dispute because even on de novo review, Rodriguez's claim fails. In determining that Rodriguez was not eligible for safety valve relief, the district court expressly found that he did not truthfully disclose all of the information he had concerning the offense. Accordingly, the court did not violate Rule 32. *See United States v. Karterman*, 60 F.3d 576, 583 (9th Cir. 1995). To the extent Rodriguez contends that the court's conclusion conflicts with its comments concerning his acceptance of responsibility, this contention is without merit. *See United States v. Shrestha*, 86 F.3d 935, 939-40 (9th Cir. 1996) (describing difference between acceptance of responsibility and safety valve provisions).

**AFFIRMED.**