**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PENG XIANG LI,

Defendant - Appellant.

No. 12-10048

D.C. No. 4:08-cr-00461-PJH-12

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted March 15, 2013[**]
San Francisco, California

Before: NOONAN, FISHER, and NGUYEN, Circuit Judges.

Appellant Peng Xiang Li appeals his conviction and sentence for conspiring

to distribute marijuana and possessing marijuana with intent to distribute in

violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(vii). Specifically, Li

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenges the issuance of a wiretap that revealed information leading to his indictment and conviction, as well as the sentencing court's denial of safety valve relief under 18 U.S.C. § 3553(f)(5). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.     The district court did not abuse its discretion in authorizing the wiretap that ultimately implicated Li in the drug trafficking conspiracy.[1] Although Li argues that the government failed to demonstrate that the wiretap was necessary under 18 U.S.C. § 2518(3)(c), the record belies his contention. The government submitted a ninety-page affidavit that detailed the progress of the investigation and described numerous investigatory techniques which had been utilized. Further, the affidavit provided case-specific explanations as to why the government believed alternative investigatory methods, such as the use of undercover agents, trash searches, search warrants, subpoenas, buy-busts and arrests, were too risky or were likely to be ineffective. We have consistently upheld findings of necessity in similar circumstances. *See, e.g., United States v. McGuire*, 307 F.3d 1192, 1196–98 (9th Cir. 2002) (issuing court did not abuse its discretion in finding wiretap was necessary to investigate a large-scale conspiracy; affidavit contained

---

[1] Li challenges only the sufficiency of the government's initial application to wiretap phones belonging to a drug dealer involved in the conspiracy; he does not challenge subsequent wiretaps of his own phone.

facts showing that on-site surveillance of property was not possible, execution of a search warrant would have been risky, and infiltration of group was difficult); *United States v. Canales Gomez*, 358 F.3d 1221, 1225–27 (9th Cir. 2004) (holding that the government "manifestly met its burden" of showing wiretaps were necessary to investigate a large drug-trafficking conspiracy where its thirty-eight page affidavit "contained specific facts chronicling the progress of the FBI investigation and detailed the reasons supporting their conclusion that other investigative techniques had exhausted their usefulness or seemed unlikely to lead to information supporting a conviction").

Although Li points to other investigative techniques he claims the government could have employed, "law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap." *United States v. Rivera*, 527 F.3d 891, 902 (9th Cir. 2008) (citation and internal quotation marks omitted). Rather, "we employ a common sense approach to evaluate the reasonableness of the government's good faith efforts to use traditional investigative tactics or its decision to forgo such tactics based on the unlikelihood of their success or the probable risk of danger involved with their use." *United States v. Reed*, 575 F.3d 900, 909 (9th Cir. 2009) (citation and internal quotation marks omitted); *cf. McGuire*, 307 F.3d at 1198 (noting that the government is "entitled to more leeway

in its investigative methods" in conspiracy investigations). Under these circumstances, we hold that the issuing court did not abuse its "considerable discretion" in concluding that the government satisfied the necessity requirement under 18 U.S.C. § 2518(3)(c). *Id*. at 1197.

2. We also reject Li's contention that the district court should have relieved him from the ten-year statutory minimum under the safety valve of 18 U.S.C. § 3553(f). This provision offers relief to a defendant who has "truthfully provided to the Government all information and evidence the defendant has concerning the offense." 18 U.S.C. § 3553(f)(5); *see also United States v. Shrestha*, 86 F.3d 935, 939 (9th Cir. 1996) (to satisfy this "tell all you can tell" requirement, a defendant must provide "all information at his disposal which is relevant to the offense, whether or not it is relevant or useful to the government's investigation").

The district court did not clearly err in finding that Li was ineligible for safety valve relief under § 3553(f)(5). During the proffer, Li denied having any knowledge of illegal activities by an individual named Minh Trong Ngo. However, the government introduced evidence at trial of an intercepted phone call between Li and Ngo, in which Ngo asked Li numerous questions about the marijuana that Li was selling to him. Given that this evidence "clear[ly]

contradict[ed]," Li's prior denial of knowledge about Ngo's illegal activities, the district court did not clearly err in concluding that Li had not provided all truthful information to the government. *See United States v. Orm Hieng*, 679 F.3d 1131, 1144–45 (9th Cir. 2012) (holding the district court's denial of safety valve relief under 18 U.S.C. § 3553(f)(5) was not clear error where the defendant denied knowing anything about a marijuana growing operation, but evidence in the record suggested otherwise). We therefore uphold the district court's denial of safety valve relief.

**AFFIRMED.**