KENNEDY, Circuit Judge.
 

 Plaintiff Union CATV, Inc. (“Union”) sought judicial review, pursuant to the Cable Communications Policy Act of 1984 (“Cable Act”), 47 U.S.C. §§ 521-559 (1988 & Supp. V 1993), of the decision by the City of Sturgis to deny Union’s proposal for renewal of a cable television franchise. The District Court granted summary judgment for the City. For the following reasons, we AFFIRM.
 

 I.
 

 Sturgis (the “City”) is a municipal corporation located in Union County, Kentucky. In 1979, the City granted Union a franchise to provide cable television service in the City for a term of fifteen years. The franchise was set to expire on October 8,1994.
 

 On September 11, 1991, Union notified the City pursuant to 47 U.S.C.,§ 546(a)(1) of its intent to seek renewal of its cable franchise. After receiving the notice, the City commenced the process of identifying its cable-related needs and evaluating Union’s performance under its current franchise, as required by § 546(a)(1). The City conducted public hearings to obtain input from citizens concerning the franchise renewal. It mailed surveys to citizens in the City to obtain information concerning their needs and interests. On May 31, 1994, Union submitted a formal proposal for franchise renewal.
 

 As of the time Union’s franchise was due to expire, the City had not indicated whether it would accept or reject Union’s proposal to renew the franchise.
 
 [1]
 
 On April 11, 1995, Union filed this action for declaratory judgment and injunctive relief. At a hearing on April 25, 1995, the parties agreed to continue the process for franchise renewal as set forth in the Cable Act, but in an accelerated form. The parties agreed that the City would complete its identification of the community needs and interests as required by § 546(a) and that Union would then have an opportunity to submit its proposal in response. Union waived its right to a full administrative proceeding under § 546(c)(1) and agreed to a “paper hearing” instead.
 

 On May 26, 1995, the City adopted its Needs Assessment Report, which identified the future cable-related community needs and interests. Union subsequently submitted a revised proposal for franchise renewal. On July 10, 1995, the City adopted a resolution denying Union’s renewal proposal on the ground that the revised proposal failed to meet the identified cable-related community
 
 *-1146
 
 needs and interests. Two weeks later, Union filed an amended complaint with the District Court, alleging that the City’s denial was not supported by a preponderance of the evidence as required by § 546(e)(2)(B). On December 29, 1995, the District Court granted the City’s motion for summary judgment.
 

 II.
 

 Union claims on appeal that the District Court erred in refusing to conduct any review of the City’s identification of its needs and interests. It is Union’s position that at least two of the cable needs identified by the City are not supported by the evidence in the record: the City’s demand that every elementary school classroom be wired for cable service, and the City’s demand that the length of the franchise term be limited to five years. The District Court held that its role under 47 U.S.C. § 546(e)(2)(B) was to review whether a preponderance of the evidence supported the City’s determination that Union’s proposal was not reasonable to meet the City’s cable-related needs and interests as those needs and interests were identified by the City. We review this question of statutory construction
 
 de novo. See Douglas v. Babcock,
 
 990 F.2d 875, 877 (6th Cir.1993).
 

 One purpose of the Cable Act is to “establish an orderly process for franchise renevral which protects cable operators against unfair denials of renewal.” 47 U.S.C. § 521(5). Section 546 of the Cable Act sets forth the procedural requirements when a cable operator and a franchising authority cannot agree to renewal of a franchise.
 
 [2]
 
 Between thirty and thirty-six months prior to the expiration of the franchise, the franchising authority may commence a proceeding to review the cable operator’s past performance and to identify the future cable-related community needs and interests. 47 U.S.C. § 546(a). The public must be given appropriate notice of the proceeding and afforded an opportunity to participate. Upon the completion of this identification stage, the operator may submit a proposal for franchise renewal. 47 U.S.C. § 546(b). Within four months following the operator’s submission of its renewal proposal, the franchising authority must renew the franchise or issue a “preliminary assessment” that the franchise should not be renewed. 47 U.S.C. § 546(c)(1). If the franchising authority decides not to renew the cable franchise, the operator may demand an administrative proceeding to consider whether the denial was justified. 47 U.S.C. § 546(c)(1). The public must be given notice of the administrative proceeding, and a transcript must be made of the proceeding. 47 U.S.C. § 546(c)(l)-(2). The cable operator may introduce evidence regarding both the franchising authority’s needs and its proposal. At the completion of the administrative proceeding, the franchising authority must issue a written decision, based on the record of the administrative proceeding, granting or denying the renewal proposal. 47 U.S.C. § 546(c)(3). In the instant case, the record resulted from a “paper hearing.” The City and Union agreed that Union would waive its right to a full administrative proceeding and submit its proposal, along with any disagreement with the City’s identified cable-related needs and interests, on a paper record.
 

 The Cable Act limits the grounds on which a franchising authority may deny a cable operator’s proposal for franchise renewal. Under 47 U.S.C. § 546(e)(1), a franchising authority must consider whether
 

 (A) the cable operator has substantially complied with the material terms of the existing franchise and with applicable law;
 

 (B) the quality of the operator’s service, including signal quality, response to consumer complaints, and billing practices, but without regard to the mix or quality of cable services or other services provided over the system, has been reasonable in light of community needs;
 

 (C) the operator has the financial, legal, and technical ability to provide the services, facilities, and equipment as set forth in the operator’s proposal; and
 

 1984 U.S.C.C.A.N. 4655, 4709. Either the cable operator or the franchising authority may initiate the process established in § 546.
 

 
 *-1145
 
 (D) the operator’s proposal is reasonable to meet the future cable-related community needs and interests, taking into account the cost of meeting such needs and interests.
 

 47 U.S.C. § 546(c)(1). A franchising authority may deny a renewal proposal only if it makes an adverse finding with respect to one or more of these four factors. 47 U.S.C. § 546(d). The administrative proceeding provided for in § 546(c) is intended to ensure that the denial of a renewal proposal is based on at least one of these factors. In the instant ease, the City relied upon § 546(e)(1)(D) as the sole basis for denying Union’s proposal for renewal of its franchise: the City determined that Union’s proposal failed to meet the City’s future cable-related needs and interests.
 

 A cable operator whose proposal for renewal has been denied may, following the administrative proceeding provided for in § 546(c), appeal to a state or federal district court.
 
 [3]
 
 47 U.S.C. § 546(e). The court, may grant appropriate relief if it finds that
 

 the operator has demonstrated that the adverse finding of the franchising authority with respect to each of the factors described in subparagraphs (A) through (D) of subsection (c)(1) on which the denial is based is not supported by a preponderance of the evidence, based on the record of the proceeding conducted under subsection (c).
 

 47 U.S.C. § 546(e)(2)(B). The parties disagree on the scope of the district court’s review and the application of § 546(e)(2)(B) to § 546(c)(1)(D). Union contends that § 546(e)(2)(B) requires a district court reviewing the City’s denial of its renewal proposal under § 546(e)(1)(D) to determine first whether Union has demonstrated that the City’s identified needs and interests are not supported by a preponderance of the evidence, and second whether Union has demonstrated that the City’s finding that Union’s renewal proposal is not reasonable to meet the City’s needs and interests is not supported by a preponderance of the evidence, excluding any needs that the court has found not to be supported by the evidence.
 
 [4]
 
 The City argues that the District Court was correct to accept the judgment of the City as to its cable-related needs and interests, whether supported by the record or not, and that judicial review is limited to determining whether the operator’s proposal is reasonable to meet the City’s needs and interests as they have been identified by the City. This is a case of first impression in the federal circuit courts.
 

 In matters of statutory construction, we look first to the language of the statute.
 
 See Baum v. Madigan,
 
 979 F.2d. 438, 441 (6th Cir.1992). As already indicated, the Cable Act permits a franchising authority to deny a cable operator’s proposal for franchise renewal if it determines that the operator has not met one of four criteria set forth in § 546(e)(1). Appeal from the denial of a proposal under any of the first three subsections is the kind of matter routinely reviewed by district courts. It would not be particularly difficult, for example, for a court to
 
 *-1144
 
 determine whether a preponderance of the evidence supports a city’s determination that a cable operator did not comply with the terms of the existing franchise, a ground for denial under § 546(e)(1)(A).
 

 It is not as clear, however, how judicial review should proceed when denial is based on § 546(c)(1)(D) because this subsection refers to more than one procedural stage under § 546. First, a franchising authority identifies its future cable-related needs and interests. 47 U.S.C. § 546(a)(1). Second, it determines whether a cable operator’s proposal for franchise renewal is reasonable to meet those identified needs and interests, considering the costs thereof. 47 U.S.C. § 546(c)(1)(D). In determining whether the proposal is reasonable, the franchising authority must take into account the cost of meeting each need. In order to do so, it must weigh the importance of the need against the cost. Section 546(e)(2)(B) does not specify whether a district court is required to subject both of these stages — the identification of cable needs, and the determination of a proposal’s reasonableness — to judicial review, or, as the District Court held, merely the latter stage.
 

 Section 546(c)(1)(D) does not appear to require an operator’s proposal for renewal to meet every need and interest identified by the franchising authority, without regard to cost. A proposal for renewal must be granted if it is “reasonable to meet the future cable-related community needs and interests, taking into account the cost of meeting such needs and interests.” 47 U.S.C. § 546(c)(1)(D). This language indicates that some needs and interests identified by the franchising authority may be outweighed by the cost of implementing them. Stated differently, the statute does not require a cable operator to meet demands by the franchising authority that are unreasonable in view of their costs. The franchising authority is required to balance the community’s need for a certain cable service against the cost of providing that service. Indeed, the House Report states: “[I]t is not intended that [§ 546(c)(1)(D) ] requires the operator to respond to every person or group that expresses an interest in any particular capability or service. Rather, the operator’s responsibility is to provide those facilities and services which can be
 
 shown
 
 to be in the interests of the community to receive in view of the costs thereof.” H.R.Rep. No. 98-934, at 74,
 
 reprinted in
 
 1984 U.S.C.C.A.N. at 4711 (emphasis added). Moreover, “in assessing the costs [under § 546(c)(1)(D) ], the cable operator’s ability to earn a fair rate of return on its investment and the impact of such costs on subscriber rates are important considerations.” H.R.Rep. No. 98-934, at 74,
 
 reprinted in
 
 1984 U.S.C.C.A.N. at 4711.
 

 In order to allow the franchising authority to balance the need for a cable service against its cost, the operator is permitted at the administrative proceeding to introduce evidence challenging the necessity of the needs and interests previously identified by the franchising authority. 47 U.S.C. § 546(e)(2). The operator is also permitted to introduce evidence of the cost of providing such needs and interests.
 
 Id.
 
 As indicated below, such evidence is necessary if the operator hopes to appeal successfully the denial of its renewal proposal to federal court.
 

 A court reviewing the denial of a cable operator’s proposal for renewal must decide whether the operator has shown that the franchising authority’s decision is not supported by a preponderance of the evidence introduced at the administrative proceeding. 47 U.S.C. § 546(e)(2)(B). When that denial is based on § 546(c)(1)(D), as it is here, the court must determine whether there is sufficient evidence to support the franchising authority’s finding that the operator’s proposal for renewal was not “reasonable to meet the future cable-related community needs and interests, taking into account the cost of meeting such needs and interests.” Thus, the court’s task is not limited solely to deciding whether the operator’s proposal, in fact, met all the cable-related needs and interests identified by the franchising authority. The court must determine whether, based on the administrative record, the cable operator has demonstrated that its proposal is “reasonable” despite its failure to meet certain identified community needs and interests. When a proposal does not satisfy an identified need, the court must decide
 
 *-1143
 
 whether the operator has established that the cost of meeting that need so outweighs the value of the need that the proposal is nonetheless reasonable.
 

 In reviewing whether a proposal not satisfying an identified need is reasonable, a court must necessarily evaluate the relative importance of the need to balance it against the cost of providing the need. It is not possible for a court to determine whether an identified need is unreasonably costly without considering the value of that need. This does not mean, however, that the district court is required to engage in a
 
 de novo
 
 review of the franchising authority’s identification of its cable-related needs and interests. We do not believe that Congress intended the federal courts to exert such a degree of control over franchising authorities. The granting of a cable franchise is a legislative act traditionally entitled to considerable deference from the judiciary.
 
 See Communications Sys., Inc. v. City of Danville,
 
 880 F.2d 887, 891-92 (6th Cir.1989). Nothing in the Cable Act suggests that Congress intended to eliminate judicial deference to a municipality’s legislative acts. While the Cable Act establishes federal standards governing the renewal of cable franchises, Congress made clear that the Act “preserve[s] the critical role of municipal governments in the franchise process.” H.R.Rep. No. 98-934, at 19,
 
 reprinted in 1984
 
 U.S.C.C.A.N. at 4656. The House Report states:
 

 It is the Committee’s intent that the franchise process take place at the local level where city officials have the best understanding of local communications needs and can require cable operators to tailor the cable system to meet those needs. However, if that process is to further the purposes of this legislation, the provisions of these franchises, and the authority of the municipal governments to enforce these provisions, must be based on certain important uniform Federal standards that are not continually altered by Federal, state or local regulation.
 

 H.R.Rep. No. 98-934, at 24,
 
 reprinted in
 
 1984 U.S.C.C.A.N. at 4661. The Cable Act recognizes that municipalities are best able to determine a community’s cable-related needs and interests. The city council’s knowledge of the community gives it an institutional advantage in identifying the community’s cable needs and interests. It would be inappropriate for a federal court to second-guess the city in its identification of such needs and interests.
 

 We conclude, therefore, that judicial review of a municipality’s identification of its cable-related needs and interests is very limited. A court should defer to the franchising authority’s identification of the community’s needs and interests except to the extent necessary to weigh the needs and interests against the cost of implementing them. However, the review is not limited to the rational basis review ordinarily applied to legislative decisions. The statute requires reversal of decisions by the franchising authority that could not have been based on a preponderance of the evidence. The House Report notes that the preponderance of the evidence standard to be applied on judicial review is the standard commonly used in civil proceedings and not the standard “used in the traditional court review of municipal decisions.” H.R.Rep. No. 98-934, at 75,
 
 reprinted in
 
 1984 U.S.C.C.A.N. at 4712. Judicial review is, thus, similar to the review of a jury verdict on a motion for a judgment as a matter of law under Fed.R.CivP. 50.
 
 See, e.g., Tarrant Serv. Agency, Inc. v. American Standard, Inc.,
 
 12 F.3d 609, 613 (6th Cir. 1993) (in considering motion under Fed. R.Crv.P. 50, a court must not substitute its judgment for that of the jury, but instead must view evidence in light most favorable to nonmoving party, giving that party the benefit of all reasonable inferences, and must grant the motion if reasonable minds could not come to a conclusion other than one in favor of the movant). We believe that Congress intended that courts would give a franchising authority a degree of deference comparable to that owed a jury.
 

 Such an interpretation of the scope of judicial review is consistent with the purpose of the statute. The introductory section of the Cable Act states that the purposes of the Act are to:
 

 (2) establish franchise procedures and standards which encourage the growth and
 
 *-1142
 
 development of cable systems and which assure that cable systems are responsive to the needs and interests of the local community;
 

 (5) establish an orderly process for franchise renewal which protects cable operators against unfair denials of renewal where the operator’s past performance and proposal for future performance meet the standards established by this subchapter;
 

 47 U.S.C. § 521. Congress, thus, sought in the Cable Act to provide a balance between respecting the needs and interests of communities and protecting cable operators against unreasonable demands. The House Report confirms this dual purpose:
 

 This legislation ... contains procedures and standards designed to give some stability and certainty to the renewal process, while continuing to provide the franchising authority with the ability to assure that renewal proposals are reasonable to meet community needs and interests, relative to the costs thereof. These procedures and standards are also designed to assure that the renewal process does not impose unreasonable requirements on the operator.
 

 H.R.Rep. No. 98-934, at 25-26,
 
 reprinted in
 
 1984 U.S.C.C.AN. at 4662-63. Our holding today preserves this dual purpose. The limited review we permit of the franchising authority’s identified cable needs and interests protects the cable operators against unfair denials of renewal. If the reviewing court were required to accept a franchising authority’s identified needs and interests, a franchising authority would be able to deny franchise renewal with impunity simply by asserting unreasonable needs that an operator could not possibly meet. Such a result would be contrary to the purposes of the statute. At the same time, however, by reviewing the identified cable needs only insofar as necessary to weigh the needs against their costs, and by giving considerable deference to the franchising authority’s identified cable needs and interests, we preserve the “critical role” of the franchising authority in the franchise process.
 

 Turning to the instant case, we find that there is sufficient evidence to support the City’s determination that Union’s proposal was not reasonable to meet the City’s identified cable needs and interests, taking into account the cost of meeting such needs and interests. Union’s proposal calls for a franchise term of twenty years, in contrast to the City’s identified need for a five-year franchise term. Union’s primary justification for the longer term is to amortize the capital costs it has already incurred in improving the cable system. Whether fair or not, this is not a factor that a court may consider under the statute. Union failed to introduce into the record any evidence of the cost — either in diminished profits or in increased subscriber rates — of limiting the term for franchise renewal to five years. Without such evidence, a court cannot conclude that the City’s need for a five-year term is outweighed by the high cost of a five-year term. Union argues that the evidence does not support the City’s need for a five-year term, but in the absence of evidence that the cost would be excessive, the issue is not reviewable. A court’s task is to weigh the value of an identified need against its cost. Where, as here, the operator fails to present evidence of the cost of meeting a need, the operator cannot successfully argue on judicial review that that balance weighs against meeting the need.
 

 In addition, Union’s proposal does not satisfy the City’s declared need to wire the local elementary school for cable service. Union suggests that this demand is unreasonable. However, Union presented no evidence at the administrative proceeding regarding the cost of meeting this need. The only evidence presented was the cost of an entire school district, not the single elementary school the City had identified. Again, without such evidence, a court cannot conclude that the cost of providing such a service outweighs its value.
 

 III.
 

 In conclusion, we disagree with the analysis of the District Court and hold that the Cable Act provides for limited judicial review of a franchising authority’s identified cable-related community needs and interests. We
 
 *-1141
 
 agree, however, with the District Court’s conclusion that a preponderance of the evidence supports the City’s determination that Union’s proposal for franchise renewal is not reasonable to meet the City’s cable needs and interests. Accordingly, we AFFIRM the order of summary judgment for the City.
 

 [1]
 

 . The parties agreed to some of the delays through "stand-still” agreements.
 

 [2]
 

 . The House Report states that the House Committee expects the "vast majority” of franchises to be renewed without regard t'o this section. H.R.Rep. No. 98-934, at 72 (1984),
 
 reprinted in
 

 [3]
 

 . A cable operator may seek judicial review only if its proposal for renewal has been denied by a "final decision” of a franchising authority. 47 U.S.C. § 546(e)(1). A decision is not final unless “all administrative review by the State has occurred or the opportunity therefor has lapsed.” 47 U.S.C. § 546(f). According to the legislative history, this subsection is intended to permit a state to review the decision of a municipal franchising authority regarding the renewal of a cable franchise where a state statute requires such review or formal approval by the state. H.R.Rep. No. 98-934, at 75,
 
 reprinted in
 
 1984 U.S.C.C.A.N. at 4712 ("Some State statutes require that the decision of a municipal franchising authority regarding the grant or renewal of a cable franchise be subject to review, or prhaps [sic] formal approval, by the State. This subsection is intended to allow for such review, while still affording the cable operator the benefit of the procedural and substantive protections established by this section.”). If such a state statute exists, a cable operator may not seek judicial review of the denial of its franchise renewal proposal until the state has completed its review of the franchising authority's decision. Kentucky has no statute providing for such administrative review by the state. As a result, Union was permitted to obtain judicial review following the City's denial of Union’s renewal proposal on July 10, 1995.
 

 [4]
 

 . The nature of the cable operator’s task on judicial review is made more confusing by the statute’s requirement that the operator attempt to prove a negative — that the factor on which the denial of renewal is based is not supported by a preponderance of the evidence.