**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William L. CARPENTER,
Defendant–Appellant.**

No. 96–5745.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 6, 1998.

Decided April 17, 1998.

Michael E. Winck (argued and briefed), Asst. U.S. Attorney, Office of the U.S. Attorney, Knoxville, TN, for Plaintiff–Appellee.

C. William Swinford, Jr. (argued and briefed), Lexington, KY, for Defendant–Appellant.

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

Before: NORRIS and CLAY, Circuit Judges, and BORMAN, District Judge.*

## OPINION

ALAN E. NORRIS, Circuit Judge.

This appeal presents an issue of first impression for this circuit: Does a defendant's refusal to testify at criminal proceedings involving co-conspirators preclude him from receiving the benefit of the United States Sentencing Guidelines' "safety valve" provision? We conclude that it does not.

Congress added the "safety valve" provision to the federal sentencing scheme in the Mandatory Minimum Sentencing Reform Act of 1994, 18 U.S.C. § 3553(f). This provision requires district courts to ignore the statutory minimum sentences of specified drug trafficking crimes when (1) the defendant has no more than one criminal history point; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) death or serious injury did not result; (4) the defendant was not an organizer, leader, manager, or supervisor of others who participated in the offense; and (5) the defendant provided the government with "all information and evidence" related to the offense. 18 U.S.C. 3553(f); U.S.S.G. § 5C1.2.[1] By enacting the provision, Congress sought to address the inequity in the Sentencing Guidelines which made it more difficult for less culpable defendants to receive downward departures as they typically had less information of use to the government and therefore had less opportunity to bargain for a downward departure pursuant to U.S.S.G. § 5K1.1 [government motion for downward departure in exchange for substantial assistance]. *See generally United States v. Shrestha,* 86 F.3d 935, 938 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 375, 136 L.Ed.2d 264 (1996).

In the case before us, defendant pleaded guilty to participation in a marijuana trafficking conspiracy in violation of 21 U.S.C. § 846. The district court sentenced him to the man-

1. The language of the Sentencing Guidelines § 5C1.2 follows verbatim the language found in the United States Code.

datory minimum of 120 months of imprisonment to be followed by a period of supervised release. Had the district court utilized the "safety valve" provision and ignored the mandatory sentence, defendant's sentence would have been between forty-six and fifty-seven months.

As the parties stipulated that defendant met the first four criteria of the safety valve provision, the sole issue presented to the district court was whether he had complied with the fifth criterion, which provides in full:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(5). With respect to this "cooperation" provision, the stipulation entered into by the parties reads as follows:

> The defendant provided some information which led to the acquisition of some documentary evidence pertinent to the investigation. On one occasion, the defendant agreed to and did wear a tape recording device in an attempt to pursue the investigation at the direction of the DEA. Shortly thereafter, the defendant, who was not under arrest at the time, decided that he could not in good conscience continue to cooperate against persons about whom he earlier had provided information to DEA. The defendant then left the area and had no further contact with DEA until his arrest in September 1995. The government has no evidence to establish that the defendant, during his interviews with law enforcement agents in 1993, withheld, failed to disclose or was untruthful concerning information that he provided with regard to the offense to which he pled guilty and offenses which were part of the same course of conduct or of a common scheme or plan.

For purposes of sentencing, it is hereby stipulated and agreed that if the defendant, William Lewis Carpenter, was subpoenaed before a federal grand jury to give testimony concerning the offense for which he pled guilty and offenses that were part of the same course of conduct or of a common scheme or plan, the defendant would refuse to testify. Likewise, if the defendant was subpoenaed to testify at a trial concerning the offense for which he pled guilty and offenses that were part of the same course of conduct or of a common scheme or plan in which other persons were charged, the defendant would refuse to testify.

As this stipulation suggests, the issue before the district court was a narrow one: Does defendant's refusal to testify mean that he has not provided the government with "all information and evidence" as required by 18 U.S.C. § 3553(f)(5)? During the sentencing hearing, the trial judge explicitly stated that he felt precluded as a matter of law from sentencing defendant pursuant to the "safety valve" provision.

■■■ The district court's interpretation of the statute is reviewed de novo. *In re Sealed Case,* 105 F.3d 1460, 1462 (D.C.Cir. 1997); *Union CATV v. City of Sturgis,* 107 F.3d 434, 438 (6th Cir.1997). We begin our inquiry by looking to the language of the statute. *Hudson v. Reno,* 130 F.3d 1193, 1199 (6th Cir.1997) (citing *Consumer Product Safety Comm. v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)); *Union CATV,* 107 F.3d at 439. If the words of a statute are unambiguous, then our inquiry ceases. *Hudson,* 130 F.3d at 1199 (citing *United States v. Ron Pair Entrs., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)).

Critical to our inquiry is the language "not later than the time of the sentencing hearing, the defendant has truthfully provided *to the Government* all information and evidence the defendant has concerning the offense." 18 U.S.C. § 3553(f)(5) (emphasis added). The government is not contending that it did not receive from defendant a truthful account of

all the information and evidence he had. The government contends, however, that he must also provide testimony to grand and petit juries. The government's position is contradicted by the clear language of the statute—the defendant's obligation is to provide information and evidence to the government, not to a court.

■ This reading of the statute does not render the term "information" superfluous, as the government contends. Certainly a defendant can provide information that, while not admissible in court, can assist an investigation. A defendant can also provide evidence to the government for its later use at trial; a notebook containing records of drug transactions, for example. Given the phrase "to the Government," it is our view that a common-sense reading of the statute leads to the conclusion that evidence is limited to those things in the possession of the defendant prior to his sentencing, excluding testimony, that are of potential evidentiary use to the government.

Our conclusion is buttressed by the legislative history of the statute, which was enacted to protect less culpable participants. *Shrestha*, 86 F.3d at 938–39. Typically, the individuals for whom the safety valve was directed will not have useful testimony to provide because of their relatively low position in the criminal enterprise.

Finally, we note that, in at least one other instance involving the safety valve provision, the government conceded that it does not require a defendant to testify at trial. *Shrestha*, 86 F.3d at 939. We are persuaded that the government's reading of the statute in that case was correct.

For the foregoing reasons, the judgment of the district court is **reversed** and the cause is **remanded** for further proceedings consistent with this opinion.