CABLEVISION OF THE MIDWEST, INC., Plaintiff,

v.

CITY OF BRUNSWICK, OHIO, et al., Defendants.

No. 1:99CV1442.

United States District Court, N.D. Ohio, Eastern Division.

Oct. 13, 2000.

Dale Howard Markowitz, Thrasher, Dinsmore & Dolan, Chardon, Philip J. Kantor, Terry S. Bienstock, Jeffrey A. Jacobs, Bienstock & Associates, Miami, FL, Eric E. Breisach, Christopher C. Cinnamon, Bienstock & Clark, Kalamazoo, MI, for Cablevision of the Midwest, Inc., plaintiffs.

Timothy T. Reid, Reid, Berry, Marshall & Wargo, Cleveland, OH, Peter J. Hopkins, James N. Horwood, for Brunswick, City of, Ohio, defendants.

## MEMORANDUM AND ORDER

ALDRICH, District Judge.

This is an action for review of the defendants' ("Brunswick's") denial of the plaintiff's ("Cablevision's") cable franchise renewal. Cablevision seeks relief under 47 U.S.C. § 546(e)(2)(A) and § 546(e)(2)(B), which are part of the Cable Communications Policy Act of 1984 (the "Act").

Brunswick has moved that this Court dismiss the claim under § 546(e)(2)(A) for lack of subject matter jurisdiction. For the reasons that follow, this Court denies Brunswick's motion (docket no. 20).

### 1. Background

Cablevision is a cable operator that had a franchise to provide cable service in the City of Brunswick and the Township of Brunswick Hills. It negotiated for several years with Brunswick to secure the renewal of its franchise. When the negotiations did not bear fruit, Cablevision invoked the procedures of 47 U.S.C. § 546(a), which requires the franchising authority (here, Brunswick) to hold a formal proceeding to determine whether to renew the franchise. Brunswick appointed the Honorable Clark Weaver, a retired judge, to conduct the proceedings. Judge Weaver held an evidentiary hearing and made findings of fact and conclusions of law. His report recommended that the franchise renewal proposal be granted. Brunswick rejected Judge Weaver's recommendation and issued an order denying the renewal. This action followed. Cablevision alleges jurisdiction under 47 U.S.C. §§ 546 and 555 and under the general federal question statute, 28 U.S.C. § 1331.

### 2. Discussion

■ The parties argue the issue of jurisdiction on two grounds: (1) they disagree about the correct interpretation of the language of the Act; and (2) they disagree about the import of existing precedents, which both sides acknowledge are few in number.[1] The Court will address both of these disagreements.

Section 546(e)(1) provides: "Any cable operator whose proposal for renewal has been denied ... or has been adversely affected by a failure of the franchising authority to act in accordance with the procedural requirements of this section, may *appeal* such final decision ... pursuant to the provisions of [47 U.S.C. § 555]" (emphasis added). Section 555(a), in turn provides: "Any cable operator adversely affected by any final determination ... under section ... 546 of this title may *commence an action* within 120 days after receiving notice of such determination ..." (emphasis added).

■ According to Brunswick, the word *appeal* in § 546(e)(1) indicates Congress's intent that this Court has only appellate jurisdiction over claims that the franchising authority failed to act in accordance with the procedural requirements of § 546. According to Cablevision, the words *commence an action* in § 555(a) refer to Fed. R.Civ.P. 3, which provides: "A civil action is commenced by filing a complaint with the court." In Cablevision's view, an ac-

---

1. Brunswick also argues that Cablevision waived its procedural objections by failing to raise them below. The usual rule is that procedural objections are waived if not raised during the administrative proceeding. *See Cellnet Communications, Inc. v. Federal Communications Comm'n*, 149 F.3d 429, 442–3 (6th Cir.1998). It appears from Cablevision's pleading that its fundamental procedural complaint is that Brunswick impermissibly ignored the findings of fact made by its own administrative hearing officer. Obviously, Cablevision could not have made such an objection during the hearing before Judge Weaver, before Brunswick decided to overrule him. Nor does it appear from the record that the city council of Brunswick held further proceedings before it issued its order denying renewal of the franchise. Thus there was no proceeding, after the hearing before Judge Weaver, at which Cablevision would have had the opportunity to make its procedural claims and adduce whatever facts it believed would prove those claims. In any case, Cablevision's allegations—bias and predetermination of the issues—suggest that Cablevision would have been excused in any case from the requirement that it present its arguments to Brunswick. *Cf. McCarthy v. Madigan*, 503 U.S. 140, 148, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) (holding that bias and predetermination of the issues justify an exception to the exhaustion doctrine). It is still unclear to this Court whether Brunswick *was* biased or *had* predetermined the issue, but this Court cannot decide that issue without permitting Cablevision to present its evidence. Therefore, the Court does not find that Cablevision has waived the procedural issues.

*tion* is the usual civil action, complete with the evidentiary hearings that Brunswick seeks to avoid.

■ Neither party's argument is wholly convincing. Brunswick is not persuasive in arguing that when Congress assigns appellate jurisdiction to review an administrative decision, there is invariably no original jurisdiction in the district court. Even when Congress has given jurisdiction to review an administrative decision to the courts of appeals, the district courts are not necessarily forbidden to exercise original jurisdiction over claims of procedural errors. *See, e.g., McNary v. Haitian Refugee Center, Inc.,* 498 U.S. 479, 497, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991) (holding that jurisdiction existed under 28 U.S.C. § 1331). The rationale for the Supreme Court's decision in *Haitian Refugee Center* was that "to establish the unfairness" of the procedures followed at the administrative level, the aggrieved parties "adduced a substantial amount of evidence, most of which would have been irrelevant in the [administrative proceedings below]. Not only would a court of appeals reviewing [the administrative proceeding] therefore most likely not have an adequate record as to the [administrative tribunal's procedural errors], but it also would lack the fact finding and record-developing capabilities of a federal district court." *Id.*

■ Likewise, Cablevision's argument concerning the meaning of the term "civil action" is not persuasive. Rule 2 of the Rules of Civil Procedure provides that "[t]here shall be one form of action to be known as 'civil action.'" The purpose of Rule 2 was to abolish the distinction between actions at law and suits in equity, and thereby to simplify procedure in the federal courts. *See* Hughes, C.J., Address Before the American Law Institute, 55 S.Ct. xxxv, xxxvii (1935). The term "civil action" was meant to obviate the need for magic words in pleadings; it was not meant to *be* a magic word. Certainly there are cases in which the district courts must conduct their proceedings under the Federal Rules of Appellate Procedure. *See, e.g., Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1580 (10th Cir.1994). Nevertheless, such matters are still denominated civil actions. *See Olenhouse v. Commodity Credit Corp.,* 136 F.R.D. 672 (D.Kan.1991) ("Civil Action No. 89–1029–T"). So the linguistic debate—is this case an "appeal" or a "civil action"—is ultimately inconclusive.

■ This Court is more persuaded by another textual detail in the statute. As noted above, Cablevision is seeking relief under both 47 U.S.C. § 546(e)(2)(A) and § 546(e)(2)(B). The first of these requires this Court to grant relief if it finds that "any action of the franchising authority ... is not in compliance with the procedural requirements of [§ 546]." 47 U.S.C. § 546(e)(2)(A). The second of these requires this Court to grant relief if it finds that the franchising authority's findings, with respect to certain statutorily prescribed factors, is "not supported by a preponderance of the evidence, based on the record of the proceeding conducted under ... this section." 47 U.S.C. § 546(e)(2)(B). Only the second, substantive, theory of relief has language requiring this Court's decision to be based on the administrative record. The first, procedural, theory of relief contains no such language.

■ *Inclusio unius est exclusio alterius.* It is a canon of statutory construction that the inclusion of one thing implies the exclusion of another. *See, e.g., United States v. Wilson,* 168 F.3d 916, 928 (6th Cir.1999). Here, the language appears in one provision of the statute but not the other, and it is plain that the two provisions are *in pari materia.* The omission of the language from § 546(e)(2)(A) thus compels the conclusion that Congress did not intend for review under that provision to be limited to the administrative record.

The cases cited by the parties do not require this Court to depart from this conclusion. *Union CATV, Inc. v. City of*

*Sturgis, Kentucky,* 107 F.3d 434 (6th Cir. 1997), was a case in which the cable operator only sought relief under § 546(e)(2)(B), not § 546(e)(2)(A). *See Union CATV,* 107 F.3d at 438. The case makes no mention of § 546(e)(2)(A). Thus it is irrelevant to a determination of the proper scope of review under § 546(e)(2)(A), despite the parties' arguments to the contrary.

The parties also direct the Court's attention to *Rolla Cable Sys., Inc. v. City of Rolla,* 745 F.Supp. 574 (E.D.Mo.1990) [*Rolla I*] and a later opinion from the same case, *Rolla Cable Sys., Inc. v. City of Rolla,* 761 F.Supp. 1398 (E.D.Mo.1991) [*Rolla II* ]. Brunswick points to the holding of *Rolla I:*

> Basically, Congress intended to restrict the scope of review in Section 546(e)(2)(A) to matters considered on the record. Ordinarily, a review of whether the procedural requirements of the [Cable Communications Policy] Act were met will not require de novo review; however, in limited circumstances, where fundamental due process concerns are implicated, the Court may go outside the record.

*Rolla I,* 745 F.Supp. at 577.[2]

This Court does not agree with the interpretation of Congress's intent taken by the *Rolla I* court. There, the court looked to the legislative history of the Act to reach its finding. But as already noted,

the canons of statutory interpretation, when applied to the plain text of the Act, compel the conclusion that Congress did not intend review under § 546(e)(2)(A) to be limited to the administrative record; recourse to the legislative history is therefore unnecessary.

Moreover, this Court finds that Cablevision's amended pleading raises the kind of fundamental due process concerns mentioned in *Rolla I.* In *Rolla I,* one of the cable operator's due process concerns was that some of the council members were biased against it. The court, on the merits, ultimately found that the bias was insufficient to require reversal of the administrative determination. *See Rolla II,* 761 F.Supp. at 1407–8. But the court noted that the council members accused of bias had been present at the evidentiary hearings, *see id.* at 1404, and that some bias on the part of the franchising authority was permissible because "Congress relegated the renewal decision to it—not a neutral third party." *Id.* at 1408.

In this case, the record does not reveal that any of the members of the city council,[3] which was the body acting as the franchising authority, attended the hearings held before Judge Weaver. (Tr. of Formal Proceedings of Administrative Hr'g, Apr. 14, 1998 at 2; Tr. of Proceedings, Jun. 29, 1998 at 2). Likewise, in this case, the franchising authority did

**2.** The passage quoted indicates that, at least in the context of the Cable Act, material from outside the record may sometimes be brought before the district court. Thus this Court does not accept Brunswick's interpretation of *Southwest Center for Biological Diversity v. United States Forest Serv.,* 100 F.3d 1443 (9th Cir.1996), a case that arose under an unrelated statute and that Brunswick claims stands for the proposition that district courts reviewing administrative determinations should never go beyond the record. This Court also notes that in a passage not mentioned by Brunswick in its brief, the *Southwest Center* court agreed that "[e]xtra-record documents may also be admitted when plaintiffs make a showing of agency bad faith." *Id.* at 1450

(citation and internal quotation marks omitted).

**3.** It does not appear to the Court that the names of the council members are found anywhere in the record; in order to determine that the council members were, or were not present at Judge Weaver's hearings, the Court found it necessary to request the aid of Brunswick's counsel, whom the Court thanks for his assistance. If the *names* of the council members do not appear in the record, it appears entirely reasonable to the Court that facts concerning their bias might not appear in the record. It is precisely such limitations of the record that were behind the Supreme Court's reasoning in *Haitian Refugee Center,* quoted *supra* at p. 661.

delegate the renewal decision to a neutral third party, Judge Weaver. The parties have not (yet) briefed the question of the extent to which Brunswick was bound by the decision of its appointed fact-finder. Nevertheless, the fact that Brunswick, unlike the City of Rolla, did delegate its fact-finding authority to a third party is a sufficient distinction, in this Court's estimation, to suggest that *Rolla I* should not govern. Even if it appears, after briefing and argument, that Brunswick did not violate Cablevision's due process rights, the difference between this Court's understanding of Congress's intent and the *Rolla I* court's understanding is itself sufficient to justify the conclusion that Brunswick's motion must be denied.

### 3. Conclusion

For the forgoing reasons, Brunswick's motion to dismiss Cablevision's claim under § 546(e)(2)(A) for lack of subject matter jurisdiction (docket no. 20) is denied. Having found that jurisdiction exists under §§ 546 and 555 of the Act, this Court finds it is unnecessary to address the parties' arguments about the existence of jurisdiction under 28 U.S.C. § 1331.

The Court's disposition of Brunswick's motion makes it necessary to establish a schedule for discovery, amendment, dispositive motions, and trial. Within 20 days of the entry of this order, the parties shall submit to the Court a joint position statement setting forth each party's position on appropriate deadlines. To the extent the parties cannot reach an agreement, the Court will resolve their disagreements, ordering a status conference if necessary.

IT IS SO ORDERED.