UNITED STATES of America,
Plaintiff—Appellee,

v.

Candelaria LOPEZ, aka Seal A,
Defendant—Appellant.

No. 02–50662.
D.C. No. CR–01–00868–GHK–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 19, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**890**

Ronald L. Cheng, Esq., Lizabeth A. Rhodes, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Judith Rochlin, Esq., Law Offices of Judith Rochlin, Los Angeles, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Candelaria Lopez appeals the sentence imposed following her guilty plea to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a). We have jurisdiction pursuant to 18 U.S.C. § 3742. We review for clear error the district court's factual finding that a defendant is ineligible for relief under USSG § 5C1.2,[1] see *United States v. Franco–Lopez*, 312 F.3d 984, 993 (9th Cir.2002), and we affirm.

Lopez contests the district court's finding that she was not eligible for so-called "safety valve" relief from the mandatory minimum sentence for her offense. *See* 18 U.S.C. § 3553(f); USSG § 5C1.2. The district court found that Lopez failed to meet the fifth criterion for this relief, which requires a defendant to provide, prior to sentencing, all information she has that is relevant to the offense, regardless of its usefulness to the government. *See United States v. Shrestha*, 86 F.3d 935, 939 (9th Cir.1996). The district court did not clearly err in making that finding.

** This disposition is not appropriate for publication and may not be cited to or by the

Lopez also argues that the district court improperly prevented her from supplementing her earlier eligibility statements to the government after her sentencing hearing was continued to allow her to respond to government objections. However, Lopez had already represented to the court that her statements were truthful and complete. The continuance was to afford her notice of the respects in which the government maintained she had not been truthful, and to give her an opportunity to present evidence to the contrary. *See Franco–Lopez*, 312 F.3d at 994. It was not for the purpose of having her add to what she already claimed was complete. Thus, the district court did not err.

AFFIRMED.

1. All references to the Sentencing Guidelines

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.