**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10337 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00288-JMR |
| v. | |
| JOSE MIGUEL YESTE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief Judge, Presiding

Submitted September 13, 2010**

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jose Miguel Yeste appeals from the 120-month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Yeste contends that the district erred by enhancing his offense level by two levels, under U.S.S.G § 2D1.1(b)(1), based on his co-conspirators' possession of firearms. The district court did not clearly err by finding that his co-conspirators' possession of firearms was reasonably foreseeable to Yeste. *See United States v. Garcia*, 909 F.2d 1346, 1349-50 (9th Cir. 1990).

Yeste also contends that the district court erred by failing to grant his request for safety valve relief. The district court did not clearly err by finding that Yeste had failed to truthfully disclose all of the information he had concerning the offense. *See* 18 U.S.C. § 3553(f)(5); *United States v. Miller*, 151 F.3d 957, 958 (9th Cir. 1998); *United States v. Shrestha*, 86 F.3d 935, 938-39 (9th Cir. 1996).

Finally, the district court did not plainly err by not awarding Yeste an additional one-level downward adjustment for acceptance of responsibility, after the government declined to move for the extra reduction because it would need to expend prosecutorial resources as Yeste had rejected a plea agreement. *See* U.S.S.G. § 3E1.1(b); *United States v. Johnson*, 581 F.3d 994, 1002-04 (9th Cir. 2009) ("[T]he allocation and expenditure of prosecutorial resources for the purposes of defending an appeal is a rational basis for declining to move for the third reduction point.").

**AFFIRMED.**