**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10056 |
| Plaintiff - Appellee, | D.C. No. 4:04-cr-02498-RCC-BPV-6 |
| v. | |
| JESUS PADILLA-GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued May 11, 2010
Submitted February 23, 2011
San Francisco, California

Before: REINHARDT, W. FLETCHER, and N.R. SMITH, Circuit Judges.

A jury convicted Jesus Padilla-Gonzalez of two counts: (1) conspiracy to possess with intent to distribute 200 pounds of marijuana (21 U.S.C. §§ 841(a)(1), b(1)(D) and 21 U.S.C. § 846); and (2) possession with intent to distribute 71.9 pounds of marijuana and aiding and abetting (21 U.S.C. §§ 841(a)(1), b(1)(D) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

18 U.S.C. § 2). Padilla-Gonzalez was sentenced to 70 months in prison for the conspiracy conviction and 60 months in prison for the possession with intent to distribute conviction, to run concurrently with the conspiracy conviction. The district court also imposed a term of five years supervised release.

Padilla-Gonzalez challenges his conviction in two ways. First, he asserts that the district court committed clear error in denying his motion to suppress his inculpatory statements to police, because he did not knowingly, intelligently and voluntarily waive his *Miranda* rights. Second, he claims that no rational jury "could have found the essential elements of the offens[e] charged beyond a reasonable doubt." *United States v. Rosales*, 516 F.3d 749, 752 (9th Cir. 2008) (internal quotation marks and citation omitted).

Padilla-Gonzales also challenges the sentence imposed by the district court, claiming (1) the district court committed reversible error in finding he was not eligible for safety valve relief under 18 U.S.C. § 3553(f); and (2) the district court abused its discretion when it overruled his objections to the Presentence Investigation Report ("PSR").

*Motion to Suppress – Miranda Waiver*

The district court did not commit clear error in finding that Padilla-Gonzalez signed his *Miranda* waiver knowingly and intelligently.[1] The district court's "essential factual findings" regarding the *Miranda* waiver included that the Padilla-Gonzalez's psychological evaluations did not prevent him from knowingly and intelligently waiving his *Miranda* rights, that the waiver was read to Padilla-Gonzalez in his native tongue (Spanish), and that he signed the waiver. Consideration of these factors was appropriate under *United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007). Thus, the district court did not commit clear error in holding that Padilla-Gonzalez knowingly and intelligently waived his *Miranda* rights.

The district court also did not err in finding that Padilla-Gonzalez's waiver of his *Miranda* rights was voluntary. The district court appropriately considered Padilla-Gonzalez's signature on the waiver form, the fact the form was read to Padilla-Gonzalez in Spanish, and the fact that Padilla-Gonzalez was allowed to call

---

[1] In response to this court's order remanding for further findings regarding the *Miranda* waiver, the district court issued an order elaborating its factual findings on August 27, 2010. *See United States v. Padilla-Gonzalez*, No. 04-cr-02498-RCC-BPV-6 (D. Ariz. filed Aug. 27, 2010).

3

and check on his children while in custody in finding the waiver to be voluntary. *See United States v. Amano*, 229 F.3d 801, 805 (9th Cir. 2000).

*Conviction*

Padilla-Gonzalez's assertion that "viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt" lacks merit. *See Rosales*, 516 F.3d at 751-52. The government provided ample evidence regarding the conspiracy from which a jury could find guilt, including physical and electronic surveillance and recorded conversations that included discussions of the amount of drugs involved in the crimes. From such evidence, a jury "may draw an inference of an agreement." *United States v. Lo*, 447 F.3d 1212, 1226 (9th Cir. 2006). In addition, the government submitted evidence of an act in furtherance of the conspiracy – the trip to California. Regarding the possession with intent to distribute and aiding and abetting, "a narcotics distribution charge may be established without proof of possession." *United States v. Mincoff*, 574 F.3d 1186, 1198 (9th Cir. 2009).

*Sentencing*

The district court erred when it ruled that Padilla-Gonzalez was not eligible for safety valve relief due to the amount of marijuana in the conspiracy and

4

possession charges totaling over 100 kilograms.[2] *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1109 (9th Cir. 2007) ("Errors in the determination of safety valve eligibility require resentencing even where the district court has indicated that it would not have sentenced below the mandatory minimum.").

---

[2] The amount of drugs involved in the crime is not a valid factor in determining eligibility for safety valve relief. The factors a court must consider are:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

Even though the district court committed error in determining eligibility for safety valve relief, we need not remand for resentencing if the government demonstrates the error was "harmless." *Id.* The government asserts that the error was harmless, because Padilla-Gonzalez did not "answer any questions regarding" the charges under 18 U.S.C. § 3553(f)(5). The government points to Padilla-Gonzalez's refusal to participate in a presentence interview as evidence of "not accept[ing] responsibility for his criminal conduct." PSR ¶ 54. However, in sentencing, accepting responsibility is a different consideration than eligibility for safety valve relief. *Mejia-Pimental*, 477 F.3d at 1108. In fact, initially confessing all of one's knowledge and then recanting and proceeding to trial does not disqualify one from eligibility for safety valve relief under § 3553(f)(5). *Id.* at 1105 (citing *United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir. 1996)).

Given that a large portion of this appeal concerns Padilla-Gonzalez's motion to suppress his confession, there is no question that Padilla-Gonzalez provided at least some information to the government. Thus, the government has not carried its burden of demonstrating that the error was harmless and we must remand to the

district court to determine whether Padilla-Gonzalez is eligible for safety valve relief under 18 U.S.C. § 3553(f).[3]

The conviction is AFFIRMED. The sentence is VACATED AND REMANDED FOR RESENTENCING.

---

[3] As we are remanding for resentencing, we need not reach Padilla-Gonzalez's claim that the district court abused its discretion by overruling his objections to the PSR's failure to give him a downward departure due to his (1) minor role, (2) status as a provider for his family, or (3) mental history. While the district court addressed some of these arguments, we note that "when a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).