
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-30261 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00015-TMB-2 |
| v. | |
| **MALCOLM BROOKS,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-30300 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00015-TMB-DMS-1 |
| v. | |
| **COREY GRESHAM,** | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 13, 2013
Anchorage, Alaska

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:      **KOZINSKI**, Chief Judge, **BERZON** and **IKUTA**, Circuit Judges.

**1.** Even assuming that Appellant Malcolm Brooks isn't bound by his waiver of appellate rights, cf. United States v. Bibler, 495 F.3d 621, 623–24 (9th Cir. 2007), he has failed to establish eligibility for safety valve relief by a preponderance of the evidence. See United States v. Mejia-Pimental, 477 F.3d 1100, 1104 (9th Cir. 2007).

The district judge found that Brooks failed to "truthfully provide[] to the Government all information and evidence" concerning the crime prior to his sentencing hearing. 18 U.S.C. § 3553(f)(5). He noted inconsistencies in two of Brooks's testimonies and found that Brooks failed to provide an explanation for the discrepancies. The court made no finding that Brooks made a truthful or complete disclosure in either testimony. Because the evidence indicates much greater involvement by Gresham than Brooks disclosed, we cannot find that the district court clearly erred in concluding that Brooks failed to "provide, prior to sentencing, all information at his disposal which is relevant to the offense, whether or not it is relevant or useful to the government's investigation." United States v. Shrestha, 86 F.3d 935, 939 (9th Cir. 1996).

Brooks also failed to establish that he did not "possess a firearm . . . in connection with the offense." 18 U.S.C. § 3553(f)(2). Although it's unclear whether the district court applied the proper burden of proof, because Brooks failed to raise this issue below, he must demonstrate plain error. See United States v. Rosas, 615 F.3d 1058, 1066 n.3 (9th Cir. 2010). The district court did not plainly err in concluding that Brooks's failure to comply with the truthful disclosure requirement disqualifies him from safety valve relief regardless of whether he satisfied the firearms prong. Even assuming the district court erroneously required Brooks to show that it was "clearly improbable" that he possessed the firearms in connection with the offense, given the accessibility of two loaded weapons to anyone entering one of the growing areas, Brooks is unlikely to carry his burden under the preponderance-of-the-evidence standard. Brooks was therefore not prejudiced by any mistake concerning the burden of proof.

**2.** The district court did not abuse its discretion when it dismissed the first indictment against Corey Gresham without prejudice. See United States v. Taylor, 487 U.S. 326, 332–33 (1988).

Probable cause for the search of 1100 Fairview Loop existed even if the state troopers intentionally or negligently omitted from the search warrant affidavit that

there were negative smell tests and that another structure was nearby, because the other evidence was sufficient to show "the kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act." Florida v. Harris, 133 S. Ct. 1050, 1055 (2013) (alteration in original). The district court's decision to credit the state trooper's testimony that Gresham properly waived his Miranda rights—and to expressly discredit Gresham's testimony to the contrary—was not clearly erroneous. See United States v. Clawson, 831 F.2d 909, 914 (9th Cir. 1987). Because Gresham's argument challenging the sufficiency of the evidence rests on his erroneous premise that the foregoing evidence is inadmissible, it must fail.

Finally, the jury's special verdict finding that Gresham manufactured or possessed at least 100 marijuana plants was supported by the record. Therefore the district court did not err by imposing the mandatory minimum sentence of five years.

**AFFIRMED.**

FILED

SEP 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Brooks*, No. 12-30261
BERZON, Circuit Judge, concurring:

I disagree with the majority as to one point:

The district court applied an erroneous standard with regard to one safety

valve factor, 18 U.S.C. § 3553(f)(5).  The district court considered only the truth of

the information provided at Gresham's trial.  But under *United States v. Shrestha*,

86 F.3d 935, 939–40 (9th Cir. 1996), the question is whether complete and truthful

information was ever provided prior to sentencing, not whether the defendant

subsequently provided false information.

I agree, however, that on a plain error standard, Brooks cannot prevail as to

another safety valve factor, 18 U.S.C. § 3553(f)(2), concerning possessed firearms

in connection with the offense.  I therefore agree that we must affirm the denial of

safety valve relief to Brooks.