**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>CLAUDIA ARACELI BASTIDAS,<br><br>Defendant-Appellant. | No.   15-50242<br><br>D.C. No.<br>2:14-cr-00508-SVW-3<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JORGE ALEJANDRO GARCIA-<br>RAMIREZ,<br><br>Defendant-Appellant. | No.   15-50250<br><br>D.C. No.<br>2:14-cr-00508-SVW-1 |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued as to 15-50242 Submitted as to 15-50250  July 6, 2016[**]
Pasadena, California

Before: VANASKIE,[***] MURGUIA, and WATFORD, Circuit Judges.

Claudia Bastidas and Jorge Garcia-Ramirez appeal their convictions and sentences related to a controlled methamphetamine transaction.  Bastidas raises two claims regarding her jury instructions, and also challenges the district court's finding that she was ineligible for "safety valve" relief from her mandatory minimum sentence.  Garcia-Ramirez presents no claims on appeal.  This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We affirm in part, vacate Bastidas's sentence, and remand her case for re-sentencing.

1.  This court has granted Garcia-Ramirez's counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  After performing an independent review of the record, we see no error in Garcia-Ramirez's convictions or sentence.  Garcia-Ramirez's judgment is therefore affirmed.  *See United States v. Bennett*, 219 F.3d 1117, 1126 (9th Cir. 2000).

2.  The district court did not plainly err by failing to *sua sponte* provide an instruction on simple possession at Bastidas's trial.  A defendant's failure to

---

[**] The panel unanimously concludes that Garcia-Ramirez's appeal is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Thomas I. Vanaskie, United States Circuit Judge for the Third Circuit, sitting by designation.

request a lesser included offense instruction may be considered a strategic choice to seek a complete acquittal. *United States v. Boone*, 951 F.2d 1526, 1542 (9th Cir. 1991). Although we have held that a lesser included offense instruction must be provided in homicide cases regardless of whether it was requested, *see, e.g.*, *United States v. Anderson*, 201 F.3d 1145, 1152 (9th Cir. 2000), in this non-homicide case, the district court's failure to provide an unrequested lesser included offense instruction was not plain error, *see Boone*, 951 F.2d at 1542.

3. The district court did not plainly err by failing to *sua sponte* provide an instruction on specific unanimity regarding the moment when Bastidas possessed the methamphetamine with the intent to distribute. The jury was not required to reach unanimity on this issue. *See United States v. Mancuso*, 718 F.3d 780, 793 (9th Cir. 2013) ("It does not matter that different jurors may have found different pieces of testimony credible, as long as the jury is unanimous on the bottom line conclusion that Mancuso was guilty of [possession with the intent to distribute]."). Because there was no error in Bastidas's jury instructions, her conviction under 21 U.S.C. § 841 for possession of methamphetamine with the intent to distribute is affirmed.

4. Bastidas's conviction carries a five-year mandatory minimum unless she demonstrates eligibility for the safety valve by, among other things, "truthfully

provid[ing] to the Government all information and evidence [she] has concerning the offense." 18 U.S.C. § 3553(f)(5); U.S. Sentencing Guidelines Manual § 5C1.2 (U.S. Sentencing Comm'n 2014); *see also* 21 U.S.C. § 841(b)(1)(B)(viii) (establishing the mandatory minimum). Because Bastidas claimed that she was eligible for safety valve relief in the district court, we decline to apply plain error review to her safety valve claim on appeal. *See United States v. Lloyd*, 807 F.3d 1128, 1174–75 (9th Cir. 2015) ("[I]t is claims that are deemed waived or forfeited, not arguments." (citation omitted)). We review the district court's interpretation of the sentencing statute and Guidelines *de novo*. *United States v. Gamboa-Cardenas*, 508 F.3d 491, 495 (9th Cir. 2007).

A district court "must provide its reasons for applying or declining to apply the safety-valve provision." *United States v. Rangel-Guzman*, 752 F.3d 1222, 1226 (9th Cir. 2014). Where a defendant has truthfully provided all information to the government, her later recantation does not render her ineligible for the safety valve. *United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir. 1996). Here, the district court failed to determine whether Bastidas's post-arrest statement qualified her for the safety valve. Also, the district court's statement that Bastidas was not eligible for the safety valve because she "was not truthful with the government and was not truthful at trial" suggests that the district court considered her recantation

4

at trial in denying safety valve relief. To the extent the district court considered Bastidas's "denial of guilty knowledge at trial" as a reason to find her ineligible for the safety valve, the court erred as a matter of law. *See Shrestha*, 86 F.3d at 940 (deeming such a denial "irrelevant" to the safety valve analysis where the defendant has otherwise provided truthful information); *see also United States v. Mejia-Pimental*, 477 F.3d 1100, 1108 (9th Cir. 2007) (holding that the district court erred as a matter of law by denying safety valve relief on improper grounds). We therefore vacate Bastidas's sentence and remand for the district court to redetermine Bastidas's eligibility for the safety valve, taking into account her post-arrest statement and giving no weight to whether she recanted that statement at trial.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**