**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. LEONARD WALTER, Defendant-Appellant. | No. 19-16056 D.C. Nos. 2:19-cv-00446-JAM-CKD 2:14-cr-00210-JAM-CKD-2 MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted May 10, 2021
San Francisco, California

Before: WALLACE and COLLINS, Circuit Judges, and RAKOFF,[**] District Judge.

Defendant-Appellant Leonard Walter appeals from the district court's denial

of his motion for relief under 28 U.S.C. § 2255. We have jurisdiction under 28

U.S.C. § 1291 and § 2253(a), (c)(1)(B), and we affirm.

In February 2019, Walter was sentenced to the 10-year mandatory minimum

sentence based on his earlier plea of guilty to a single count of conspiring to

possess, with intent to distribute, at least 50 grams of methamphetamine in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

violation of 21 U.S.C. §§ 841(a)(1), 846. *See id*. § 841(b)(1)(A)(viii) (providing for 10-year mandatory minimum sentence). He alleges ineffective assistance of counsel at sentencing due to his attorney's failure to request so-called "safety-valve" relief under 18 U.S.C. § 3553(f), which allows a district court to impose a sentence below the statutory mandatory minimum if certain conditions are met. Although Walter's criminal history points had rendered him categorically ineligible for safety-valve relief at the time of his guilty plea, the First Step Act— enacted in December 2018, shortly before Walter's sentencing—amended § 3553(f) in a way that eliminated that particular obstacle in Walter's case. Walter's attorney, however, failed to recognize this change prior to his sentencing and did not seek relief from the mandatory minimum at sentencing under the amended version of § 3553(f).

In March 2019, Walter filed this § 2255 motion alleging that his attorney had been ineffective in failing to seek safety-valve relief under the amended version of § 3553(f). The district court referred the motion to a magistrate judge, who recommended denying the motion. The district court denied Walter's request for an evidentiary hearing and adopted the magistrate judge's findings and recommendation. Walter timely appealed, and we issued a certificate of appealability. We review a district court's denial of § 2255 relief de novo, *see United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016), and its decision not to

2

hold an evidentiary hearing for abuse of discretion, *see United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

Even assuming *arguendo* that Walter's counsel performed deficiently in failing to recognize the significance of the First Step Act's amendment of § 3553(f), we conclude that Walter failed to make a sufficient showing that he was prejudiced thereby. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The First Step Act left intact § 3553(f)'s requirement that, to qualify for safety-valve relief, "not later than the time of the sentencing hearing, the defendant [must] truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). The district court correctly concluded that Walter failed to make a sufficient showing that, but for his counsel's error, he would have satisfied this requirement.

As an initial matter, the § 2255 motion and accompanying materials address this crucial point in wholly conclusory terms that are devoid of supporting factual detail. *See* Rule 2(b)(2), § 2255 Rules (motion must "state the facts supporting each ground"); *cf.* Rule 4, § 2254 Rules, advis. comm. note (1976) (stating that, for collateral attacks, "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error'"). Although Walter verified the motion under penalty of perjury, the motion simply stated that

3

"he was and remains willing to satisfy" this safety-valve requirement. Neither his motion nor its supporting materials set forth any sufficient facts bolstering this conclusory assertion. As the magistrate judge noted, Walter provided no supporting declaration of his own. Walter's attorney provided a declaration stating that when she discussed the safety valve with Walter prior to sentencing, Walter expressed a willingness "to participate in a safety valve debriefing." Willingness to sit for a debriefing, however, does not establish, without more, that Walter would have "truthfully provided to the Government *all* information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5) (emphasis added).

This omission was especially significant because, as the magistrate judge observed, the record in this case indicated that Walter "was in fact not willing to 'tell all he knew' prior to sentencing." Specifically, at Walter's sentencing, the Government noted that Walter had declined to cooperate with the Government, which would have allowed him to receive a below-mandatory-minimum sentence under an entirely separate provision of law. *See* 18 U.S.C. § 3553(e). As the Government explained, "given some of the atmospherics and his affiliation with a certain [criminal] group that's identified" throughout the presentence report, Walter "chose to maintain his cred, and that's his choice." Defense counsel

4

described Walter as having "chose[n] the path that he chose more out of safety concerns for himself and his family."

Walter contends that, unlike cooperation, which would have entailed potentially testifying in court against others involved in the organization, a safety-valve debriefing only requires disclosing to prosecutors all of the information that he knows about the relevant criminal conduct. *See United States v. Shrestha*, 86 F.3d 935, 939 (9th Cir. 1996) (describing § 3553(f)(5) as a "tell all you can tell" requirement that requires disclosing "all information at [the defendant's] disposal which is relevant to the offense, whether or not it is relevant or useful to the government's investigation"). Walter's previous hesitation, however, underscores the need for him to support his § 2555 motion with sufficient facts to show that he would have made the thorough disclosures required by § 3553(f) prior to his sentencing. He failed to do so.[1]

Because the record confirms that Walter failed to demonstrate that his counsel's error prejudiced him at sentencing, the district court properly denied his § 2255 motion without an evidentiary hearing.

**AFFIRMED.**

---

[1] Walter notes that he provided a written statement to the Government shortly before the hearing on his § 2255 motion, but he never provided it to the district court, and it is therefore not part of the record. Although Walter claims that the Government "did not dispute" that the statement "was truthful and complete," the Government asserted at the hearing on the § 2255 motion that the statement provided no grounds for granting the motion.